USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 1 7 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

ROGER THOMAS CLARK,
  a/k/a "Variety Jones,"
  a/k/a "VJ,"
  a/k/a "Cimon,"
  a/k/a "Plural of Mongoose,"

        Defendant.

- - - - - - - - - - - - - - - - - - x

SEALED
SUPERSEDING
INDICTMENT

S2 15 Cr. 866 (WHP)

ORIGINAL

## COUNT ONE
(Narcotics Trafficking Conspiracy)

The Grand Jury charges:

### BACKGROUND

1.    From in or about January 2011, up to and including on or about October 2, 2013, an underground website known as "Silk Road" hosted a sprawling black-market bazaar on the Internet, where illegal drugs and other illicit goods and services were regularly bought and sold by the site's users.

2.    During its more than two-and-a-half years in operation, Silk Road was used by several thousand drug dealers and other unlawful vendors to distribute hundreds of kilograms of illegal drugs and other illicit goods and services to well over a hundred thousand buyers, and to launder hundreds of millions of dollars deriving from these unlawful transactions.

3.  The owner and operator of Silk Road, Ross William Ulbricht, a/k/a "Dread Pirate Roberts," a/k/a "DPR," a/k/a "Silk Road," ran the website with the assistance of various co-conspirators, including ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, a trusted advisor of Ulbricht. At all times relevant to this Indictment, CLARK was responsible for, among other things, (a) promoting the Silk Road underground website by hiring and managing a computer programmer, who assisted in developing computer code and maintaining Silk Road's technical infrastructure; (b) providing advice to Ulbricht regarding managing and operating Silk Road, including security advice, and advice regarding the rules and policies on Silk Road; (c) assisting in promoting sales on the Silk Road website, including providing help with coordinating a large-scale promotion for the sale of narcotics and other contraband on Silk Road; and (d) conducting research and collecting intelligence on the efforts of law enforcement to investigate Silk Road. CLARK was paid by Ulbricht for the services he provided for the Silk Road enterprise.

## STATUTORY ALLEGATIONS

4.  From in or about January 2011, up to and including in or about October 2013, in the Southern District of New York and elsewhere, ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a

"VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

5. It was a part and an object of the conspiracy that ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

6. It was further a part and an object of the conspiracy that ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, and others known and unknown, would and did deliver, distribute, and dispense controlled substances by means of the Internet, in a manner not authorized by law, and aid and abet such activity, in violation of Title 21, United States Code, Section 841(h).

7. The controlled substances that ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, conspired to (1) distribute and possess with the intent to distribute, and (2) deliver, distribute, and dispense by means of the Internet were, among others, 1 kilogram and more of mixtures and substances containing a detectable amount of heroin, 5 kilograms and more

3

of mixtures and substances containing a detectable amount of cocaine, 10 grams and more of mixtures and substances containing a detectable amount of lysergic acid diethylamide (LSD), and 500 grams and more of mixtures and substances containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A); and Title 18, United States Code, Section 2.)

### COUNT TWO
(Narcotics Trafficking)

The Grand Jury further charges:

8. The allegations contained in paragraphs 1 through 3 of this Indictment are repeated and realleged as if fully set forth herein.

9. From in or about January 2011, up to and including in or about October 2013, in the Southern District of New York and elsewhere, ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, distributed and possessed with the intent to distribute controlled substances, and aided and abetted such distribution and possession with the intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1).

10. The controlled substances that ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural

of Mongoose," the defendant, distributed and possessed with the intent to distribute, and aided and abetted such distribution and possession of were, among others, 1 kilogram and more of mixtures and substances containing a detectable amount of heroin, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, 10 grams and more of mixtures and substances containing a detectable amount of lysergic acid diethylamide (LSD), and 500 grams and more of mixtures and substances containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, all in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A); and Title 18, United States Code, Section 2.)

## COUNT THREE
(Distribution of Narcotics by Means of the Internet)

The Grand Jury further charges:

11. The allegations contained in paragraphs 1 through 3 of this Indictment are repeated and realleged as if fully set forth herein.

12. From in or about January 2011, up to and including in or about October 2013, in the Southern District of New York and elsewhere, ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, delivered, distributed, and dispensed controlled substances by

means of the Internet, in a manner not authorized by law, and aided and abetted such activity, in violation of Title 21, United States Code, Section 841(h).

13. The controlled substances that ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, delivered, distributed, and dispensed by means of the Internet, were, among others, 1 kilogram and more of mixtures and substances containing a detectable amount of heroin, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, 10 grams and more of mixtures and substances containing a detectable amount of lysergic acid diethylamide (LSD), and 500 grams and more of mixtures and substances containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, all in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Sections 812, 841(h) and 841(b)(1)(A); and Title 18, United States Code, Section 2.)

## COUNT FOUR
(Conspiracy to Commit and Aid and Abet Computer Hacking)

The Grand Jury further charges:

14. The allegations contained in paragraphs 1 through 3 of this Indictment are repeated and realleged as if fully set forth herein.

15. In addition to providing a platform for the purchase and sale of illegal narcotics, the Silk Road website also provided a platform for the purchase and sale of computer-hacking services and malicious software designed for computer hacking, such as password stealers, keyloggers, and remote access tools. While in operation, the Silk Road website regularly offered hundreds of listings for such services and software.

STATUTORY ALLEGATIONS

16. From in or about January 2011, up to and including in or about October 2013, in the Southern District of New York and elsewhere, ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to commit computer hacking, and to aid and abet the same, in violation of Title 18, United States Code, Sections 1030(a)(2) and 2.

17. It was a part and an object of the conspiracy that ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, and others known and unknown, would and did intentionally access computers without authorization, and thereby would and did obtain information from protected computers, for purposes of commercial

advantage and private financial gain, and in furtherance of criminal and tortious acts in violation of the Constitution and the laws of the United States and of any State, and would and did aid and abet such unauthorized access, in violation of Title 18, United States Code, Sections 1030(a)(2) and 2.

(Title 18, United States Code, Section 1030(b); and
Title 18, United States Code, Section 2.)

## COUNT FIVE
(Conspiracy to Traffic in Fraudulent Identification Documents)

The Grand Jury further charges:

18.  The allegations contained in paragraphs 1 through 3 and paragraph 15 of this Indictment are repeated and realleged as if fully set forth herein.

19.  In addition to providing a platform for the purchase and sale of illegal narcotics and computer-hacking services and software, the Silk Road website also provided a platform for the purchase and sale of fraudulent identification documents, such as fake driver's licenses and passports.  While in operation, the Silk Road website regularly offered hundreds of listings for such products.

### STATUTORY ALLEGATIONS

20.  From in or about January 2011, up to and including in or about October 2013, in the Southern District of New York and elsewhere, ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant,

8

and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to traffic in fraudulent identification documents, and to aid and abet the same, in violation of Title 18, United States Code, Sections 1028(a)(2).

21. It was a part and an object of the conspiracy that ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, and others known and unknown, would and did knowingly transfer, in and affecting interstate and foreign commerce, false identification documents and authentication features, knowing that such documents and features were produced without lawful authority, including driver's licenses, personal identification cards, and documents that appeared to be issued by and under the authority of the United States, and would and did aid and abet such transfers, in violation of Title 18, United States Code, Sections 1028(a)(2) and 2.

(Title 18, United States Code, Section 1028(f);
and Title 18, United States Code, Section 2.)

### COUNT SIX
(Money Laundering Conspiracy)

The Grand Jury further charges:

22. The allegations contained in paragraphs 1 through 3 and paragraphs 15 and 19 of this Indictment are repeated and realleged as if fully set forth herein.

9

23. Silk Road included a Bitcoin-based payment system that served to facilitate the illegal commerce conducted on the site, including by concealing the identities and locations of the users transmitting and receiving funds through the site.

24. In addition to providing a platform for the purchase and sale of illegal narcotics, computer-hacking services and software, and fraudulent identification documents, the Silk Road website provided a platform for laundering the proceeds of illegal activity, including services explicitly offering to exchange cash and other instruments for Bitcoin derived from sales of controlled substances and contraband over Silk Road.

## STATUTORY ALLEGATIONS

25. From in or about January 2011, up to and including in or about October 2013, in the Southern District of New York and elsewhere, ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

26. It was a part and an object of the conspiracy that ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, and others

known and unknown, in offenses involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, computer hacking, and identification document fraud, in violation of Title 21, United States Code, Sections 841 & 846, and Title 18, United States Code, Sections 1030 and 1028, respectively, with the intent to promote the carrying on of such specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

27.  It was further a part and an object of the conspiracy that ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, and others known and unknown, in offenses involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, computer hacking, and identification document fraud, in violation of Title 21, United

States Code, Sections 841 and 846, and Title 18, United States Code, Sections 1030 and 1028, respectively, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

FORFEITURE ALLEGATIONS

28. As a result of committing the controlled substance offenses alleged in Counts One through Three of this Indictment, ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

29. As a result of committing the computer hacking and identification fraud offenses alleged in Counts Four and Five of this Indictment, ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, shall forfeit to the United States, pursuant to Title

18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offenses.

30. As a result of committing the money laundering offense alleged in Count Six of this Indictment, ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a "Plural of Mongoose," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, or any property traceable to such property and, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

## Substitute Asset Provision

31. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (1) cannot be located upon the exercise of due diligence;
   (2) has been transferred or sold to, or deposited with, a third person;
   (3) has been placed beyond the jurisdiction of the Court;
   (4) has been substantially diminished in value; or
   (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

(Title 18, United States Code, Sections 981 and 982,
Title 21, United States Code, Section 853;
Title 28, United States Code, Section 2461.)

_/s/ David R. Fulton_
FOREPERSON

_/s/ Geoffrey S. Berman_
GEOFFREY S. BERMAN
United States Attorney

14

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

ROGER THOMAS CLARK,
a/k/a "Variety Jones,"
a/k/a "VJ,"
a/k/a "Cimon,"
a/k/a "Plural of Mongoose,"

Defendant.

---

SEALED INDICTMENT

S2 15 Cr. 866 (WHP)

(21 U.S.C. §§ 812, 841(a)(1),
841(b)(1)(A), 841(h), 846;
18 U.S.C. §§ 1030(b), 1028(f),
1956(h) & 2)

_____        _____
     Foreperson.              GEOFFREY S. BERMAN
                              United States Attorney.

---

1/17/18 - Filed Sealed Superseding Indictment