```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :
          - v. -                 :    S2 15 Cr. 866 (WHP)
                                 :
ROGER THOMAS CLARK,              :
    a/k/a "Variety Jones,"       :    [Proposed]
    a/k/a "VJ,"                  :    PROTECTIVE ORDER
    a/k/a "Cimon,"               :
    a/k/a "Plural of Mongoose,"  :
                                 :
                    Defendant.   :
                                 :
- - - - - - - - - - - - - - - - x
```

WHEREAS, the United States of America seeks to provide in unredacted form certain materials pursuant to Rule 16 of the Federal Rules of Criminal Procedure; and

WHEREAS, some material that the Government seeks to provide contains sensitive information, including information related to specific individuals and law enforcement-sensitive information (including but not limited to information about subjects and targets of ongoing law enforcement investigations);

WHEREAS, the Government is willing, under the conditions set forth below, to produce such materials;

IT IS HEREBY agreed, by and between the United States of America, Geoffrey S. Berman, United States Attorney, by Michael D. Neff, Timothy T. Howard, and Richard A. Cooper, Assistant United States Attorneys, and defendant ROGER THOMAS CLARK, a/k/a "Variety Jones," a/k/a "VJ," a/k/a "Cimon," a/k/a

"Plural of Mongoose," by and through his attorney, Stephanie Carvlin, Esq., that:

1.  Any material reflecting sensitive identification information of third parties (including, but not limited to, their names, dates of birth, telephone numbers, addresses, banking information, or email addresses) produced by the Government in this action is deemed "Confidential Information" and shall be so identified by the Government. "Confidential Information" further includes law enforcement-sensitive information, including information about subjects and targets of ongoing law enforcement investigations.

2.  Confidential Information disclosed to the defendant or to his counsel during the course of proceedings in this action:

    (a) Shall be used by the defendant and his counsel only for purposes of the defense of this action;

    (b) Shall not be left in any prison or jail, including with the defendant;

    (c) Shall be maintained in a safe and secure manner solely by the defendant's counsel; shall not be possessed by the defendant, except in the presence of counsel or defense counsel's investigators or paralegals; and shall not be disclosed or disseminated in any form by the defendant or his counsel except as set forth in paragraph 2(d) below;

(d) May be disclosed by the defendant or his counsel only to the following persons (hereinafter "Designated Persons"):

(i) investigative, secretarial, clerical, and paralegal student personnel, or any interpreter or translator, employed full-time or part-time by the defendant's counsel;

(ii) independent expert witnesses, investigators, or advisors retained by the defendant's counsel in connection with this action;

(iii) such other persons as hereafter may be authorized by the Court upon motion by the defendant; and

(e) Shall either be destroyed, returned to the Government following the conclusion of the trial of the above-referenced action or upon the defendant's sentencing or upon the conclusion of any appeals, or maintained by defendant's counsel as required by their duties and responsibilities as counsel, as the case may be, provided that defense counsel maintains the Confidential Information in accordance with Paragraph 2(c).

3. The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraph 2(d). Prior to disclosure of Confidential Information to Designated Persons, pursuant to paragraph 2(d), any such Designated Person shall

agree to be subject to the terms of this Order by signing a copy hereof and providing such copy to the Government and the defendant's counsel.

4. In the event of an inadvertent disclosure of Confidential Information, the defendant and/or his counsel shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Confidential Information and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Confidential Information.

5. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in connection with the above-referenced action, or any appeal therefrom, or to any Magistrate Judge, District Judge, or Circuit Judge for purposes of the above-referenced action or any appeal therefrom.

6. With respect to Confidential Information, any filings with any court shall be governed by Rule 49.1 of the Federal Rules of Criminal Procedure.

7. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court

will retain jurisdiction to enforce this Order following termination of the case.

Dated:    New York, New York
          ~~June~~    , 2018
          July 3, 2018

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York

By: _____
    Michael D. Neff
    Timothy T. Howard
    Richard A. Cooper
    Assistant United States Attorneys

_____
Stephanie Carvlin, Esq.
Attorney for ROGER THOMAS CLARK

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.