# LAW OFFICE OF
## STEPHANIE M. CARVLIN, ESQ.
140 Broadway, Suite 4610
New York, New York 10005

STEPHANIE M. CARVLIN, ESQ.

TELEPHONE: 212-748-1636
FAX: 212-858-7750
E-MAIL: CARVLIN@HOTMAIL.COM

March 19, 2019

Honorable William H. Pauley
United State District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   <u>United States v. Roger Thomas Clark</u>
           15-cr-866 (WHP)

Dear Judge Pauley:

      As was discussed during the January 25, 2019 status conference, Mr. Clark would like the Court to be aware of certain facts in considering when motions must be filed in this case and when trial will begin. During the conference I sought permission to file an *ex parte* letter, incorporating Mr. Clark's concerns. The Court ordered that the submission be filed no later than March 19, 2019. Mr. Clark has detailed the issues he believes are important for the Court to consider in a letter to Your Honor, which is attached hereto as Exhibit A.[1] I ask that the Court consider Mr. Clark's submission.

      Mr. Clark makes several points in favor of being given additional time to review the discovery in his case. I briefly summarize below a few of the issues he addresses in his letter:

- The quantity of discovery is massive. More than eight terabytes of material have been turned over to date.

- The great bulk of discovery consists of material that Mr. Clark can access only by using a laptop (and accompanying hard drives) that is available to him in a specific area in the East Visiting Room at the MDC. Mr. Clark is

---

[1] Mr. Clark has drafted his letter in a manner that avoids disclosing defense strategy, and, as a result, I have no basis for filing my letter under seal.

1

housed in the West Building. A staff member has to take him from the West Building to the East Visiting Room. Staff is not always available to do so. During the thirty-five day government shut down, he was not permitted access to the discovery. For approximately ten days after the shut down, the MDC had problems with a generator in the West Building, leading to a disruption in heat and electricity. As a result, staff time was devoted to maintaining order in the facility, and Mr. Clark was not able to go over to the East Visiting Room.

- While Mr. Clark was incarcerated in Thailand for more than two years before he was extradited to the United States, he did not have the images of the servers. He was not assigned counsel to represent him in this case until he was brought into this District on June 15, 2018. He did not receive the laptop and hard drives that contain the images of the server (although I provided him with hard copies and CDs containing other discovery and case-related materials on a rolling basis from the date of my appointment as his counsel forward), until mid-November.

I concur with these points, and I add an additional consideration to those mentioned by Mr. Clark: All of the material on the servers is potentially relevant. According to the government, the images of the servers contain "shots" of the entirety of what was on the Silk Road site at a particular point in time. In other words, all of the information on the servers arguably proves the existence of Silk Road and demonstrates how it operated. As Mr. Clark notes in his letter, it likely will not be possible to view each image individually. However, I have just recently been able to provide to Mr. Clark a type of index of the material that permits for targeted searches and therefore makes accessing the material faster and easier. He is committed to reviewing as much of the material as is possible.

All the facts Mr. Clark identifies in his letter weigh strongly in favor of providing him (and defense counsel) with additional time to review the discovery, and Mr. Clark is willing to waive his right to a speedy trial. Of course, "the public has an interest in quickly bringing defendants to trial to prevent a backlog of cases that might permit dangerous criminals to linger unsupervised for extended periods of time while on bail, delay rehabilitation, and otherwise hinder the criminal justice system." United States v. Ghailani, 733 F.3d 29, 41 (2d Cir. 2013). However, as the Second Circuit noted in Ghailani, the public *and private* interests at stake in a speedy trial may be accounted for by considering, *inter alia,* the four factors the United States Supreme Court developed in Barker v. Wingo, 407 U.S. 514, 530 (1972): (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant asserted his right to a speedy trial, and (4) whether the defendant was prejudiced by the failure to bring the case to trial more quickly. Ghailani, 733 F.3d at 46-47. As Mr. Clark discusses in detail in his letter those factors favor granting him additional time to review the discovery.

It appears that the government's proof at trial will consist largely of material that time will not degrade: "chat" logs of conversations between Ross Ulbricht and an individual the government claims was Mr. Clark; posts on a website the government asserts show that Mr. Clark was Variety Jones, Ross Ulbricht's purported mentor, and records of a law suit filed in England. Mr. Clark is and will remain incarcerated. Thus, the majority of the disadvantages that may come with delaying trial (loss of evidence, continued incarceration) will fall on Mr. Clark.

Finally, the penalty Mr. Clark faces if he is convicted is severe: He is subject to a maximum term of incarceration of life. Indeed, Mr. Ulbricht was convicted at trial and sentenced to life imprisonment. Thus, Mr. Clark's interest in being able to fully prepare for trial could not be stronger.

In the unusual circumstances of this case, I believe that Mr. Clark's request for a 2020 trial date is not unreasonable and should be granted.

Respectfully submitted,

cc: AUSA Michael Neff (via ECF)
AUSA Timothy Howard (via ECF)