j3m2claC  kjc

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,              New York, N.Y.

 4              v.                          15 Cr. 866(WHP)

 5   ROGER THOMAS CLARK,

 6                Defendant.

 7   ------------------------------x        Conference

 8                                          March 22, 2019
                                            12:05 p.m.
 9

10   Before:

11                  HON. WILLIAM H. PAULEY III,

12                                          District Judge

13

14
                            APPEARANCES
15
     GEOFFREY S. BERMAN
16        United States Attorney for the
          Southern District of New York
17   BY:  MICHAEL D. NEFF
          Assistant United States Attorney
18

19   STEPHANIE M. CARVLIN
     JACOB B. MITCHELL
20        Attorneys for Defendant

21

22

23

24

25
```

1                  (Case called)

2                  THE DEPUTY CLERK:  Appearances.

3                  MR. NEFF:  Good afternoon, your Honor.  Michael Neff
4      for the government, joined at counsel table by F.B.I. Special
5      Agent Sam Shahrani.

6                  MS. CARVLIN:  Good afternoon, your Honor.  Stephanie
7      Carvlin for Roger Thomas Clark.  Mr. Clark is to my right.
8      Jacob Mitchell is to Mr. Clark's right.  Good afternoon.

9                  THE COURT:  Good afternoon to all of you.

10                 I note the presence of Mr. Clark at counsel table.

11                 I have reviewed your submission, Ms. Carvlin, and that
12     of your client.

13                 From the government's perspective, Mr. Neff, where do
14     we stand.

15                 MR. NEFF:  Your Honor, I don't believe there has been
16     any additional discovery produced between the last time we were
17     before the court about eight weeks ago and today.

18                 Is this an appropriate time to inform the court as to
19     our position on the defense request?

20                 THE COURT:  Yes.  Before you do, though, I thought in
21     January you said there were certain forum posts that the
22     government was exploring and would be producing.

23                 MR. NEFF:  That is correct, your Honor.  My apologies.
24     With the exception of that.

25                 THE COURT:  Have they been --

1          MR. NEFF:  Yes, they were produced promptly after the
2     prior conference.  Sorry.  With that exception, there has not
3     been additional production.
4          THE COURT:  And does the government anticipate any
5     additional production?
6          MR. NEFF:  Your Honor, our investigation is ongoing.
7     As with any case, we will continue to investigate up to trial.
8     I am quite confident that the vast majority of everything has
9     been produced.  But, of course, it is possible that, as we
10    continue to investigate, we will come across more, and if and
11    when we do, we will promptly produce it.
12         THE COURT:  Now you could turn to Ms. Carvlin's
13    letter, if you would.
14         MR. NEFF:  Thank you, Judge.
15         The bottom line point from our perspective, we take no
16    position on the defense request, though the government will be
17    ready for trial as currently scheduled, in September of this
18    year.
19         I do want to flesh out a point or two that may be
20    relevant as the court is considering whether to grant some type
21    of adjournment and, if so, to what extent.
22         There is no doubt that the discovery in this case is
23    voluminous.  That is, I think, a word we have used before.
24    There is no question it is indeed voluminous.  And there is
25    further no question that the defense is conducting a thorough,

1   comprehensive review, will continue to conduct such a review,
2   and presumably should conduct such a review.
3             I do think it relevant to point out that not every
4   page of Rule 16 may be created equal.  What I mean by that is,
5   the majority of the Rule 16 materials in this case concern the
6   existence of the Silk Road marketplace.  The defense is and
7   will continue, it seems, to conduct a very thorough review of
8   those materials, as is appropriate.  I think, although I am not
9   certain, as I am not privy to the defense trial strategy, I
10  think that the central question in this case, presuming that it
11  goes to trial, is likely to be not did this illegal marketplace
12  exist, but can the government prove Mr. Clark's involvement in
13  it?  I am mindful that the defense has something of a playbook
14  as to how the government proved the existence of this
15  marketplace at a prior, lengthy, recent trial.  And on the
16  topic of attribution, in other words, can the government prove
17  Mr. Clark's involvement, I would also note we have made
18  considerable efforts to try to point the defense to attribution
19  evidence, including, as mentioned, I guess, about nine months
20  ago, but just to reiterate, at the initial conference, we
21  brought a binder which might be considered some of the greatest
22  hits of attribution evidence.  That is not something we
23  typically do, but it is something we did here because we want
24  to point the defense to pieces of evidence that we believe
25  establish beyond a reasonable doubt that Mr. Clark was

1   personally and heavily involved in the Silk Road marketplace.

2              I mention this because I think it may be relevant as

3   the court is considering whether and to what extent to grant an

4   adjournment in the context of what is no doubt a very

5   considerable volume of discovery when viewed in total but,

6   again, I think not every page is created equally.

7              THE COURT:  Thank you, Mr. Neff.

8              Ms. Carvlin.

9              MS. CARVLIN:  Yes, your Honor.

10             In terms of what Mr. Neff just said, we have not had

11  any issue with the government in terms of working with the

12  government to get the discovery to Mr. Clark as quickly as

13  possible, to figure out ways to make it more accessible.

14  That's not the issue here.  I could go through, and I have kept

15  a very careful timeline of everything I have done in this case,

16  every document I have received, every document I have sent to

17  Mr. Clark, how long it has taken me, how long it has taken the

18  government.

19             The point here that we are asserting is not blame

20  toward the government, but that it is a unique situation.  I

21  think that's an overused word, but this is unique.  It is a

22  massive amount of discovery.  The discovery is a live shot,

23  essentially -- the servers are a live shot, essentially, of the

24  conspiracy as it unfolds.  I pointed out in my letter and

25  Mr. Clark has pointed out in his letter the many reasons that

1    we need to review this.  I feel an obligation to at least make
2    an effort to review everything, not just the 30 or so pages the
3    government provided in the binder months ago, but the probably
4    hundreds of millions of documents.
5         We have gotten better over time in figuring out how to
6    do that.  We have sought resources from the court, which the
7    court has quickly granted and that we have made use of.  We
8    have used the Office of the Defender Services to make this more
9    accessible.  But it is going to take time.  And I think that
10   time is necessary in this case.
11        I think there is very little countervailing reason to
12   move this case along more quickly than Mr. Clark has requested.
13   As I said in my letter, it is not a situation where this type
14   of evidence is going to disappear or degrade or deteriorate.
15   It is the Silk Road servers.  It is the postings on the web
16   site.  It is the chat logs.
17        I'm sure the government has cooperating witnesses, and
18   that will, you know, delay their sentencing, but that's
19   inherent in cooperation.
20        So what I would say, your Honor, is there are very
21   compelling reasons to grant us the time that we request to
22   review the material, and although the public of course has a
23   right to a speedy trial as well as Mr. Clark, I think his
24   interest in this case, for all the reasons he outlines in his
25   very detailed letter as well as the highlights of my letter,

1    that his interests outweigh the interest of the public in this
2    case both in terms of his due process right to review the
3    material, his right to confront the witnesses, his right to
4    effective assistance of counsel.
5              I think your Honor can see by the letter that he wrote
6    to your Honor that he has made good use of his time.  His
7    arguments are, I would say, very well crafted, pointed.  He is
8    reviewing the material.  He can discuss it, does discuss it.
9    It is not seeking delay for the purpose of delay.  It is
10   seeking delay to defend himself on charges that could land him
11   in prison for the rest of his life.  So I would ask you to
12   grant the schedule that he requested.
13             THE COURT:  But the notion that any human being is
14   going to review 500 million pages, which is, what, 8 1/2
15   terabytes, translates to, it's not realistic, and certainly
16   there is a lot to be said for Mr. Neff's statement that not
17   every page of Rule 16 material is equal.  Even with the dates
18   that Mr. Clark is proposing, it is not humanly possible for one
19   person or even a team of people to review 500 million pages.
20   So I really think that that is, in a sense, a red herring.
21             I do think that Mr. Clark is working very diligently
22   going through material and I found his letter to be very
23   thoughtful, demonstrating to me that he is fully engaged in his
24   own defense and in assisting his lawyer in the case.  And so I
25   am prepared to grant an adjournment in this case, given the

1    defendant's earnest position and the work he is doing now that
2    it seems that all the hurdles have been taken down at MCC.
3             I think a couple of things:
4             First, a conference like this and your submission in
5    advance is very helpful to me in bringing the parties together
6    and keeping this case moving.  It is clear to me now that the
7    case cannot be tried in September of this year.
8             What I would like to do is put this matter down for a
9    conference in about four months or so for the purpose of
10   discussing motions that the defendant may see on the horizon at
11   that time and with a view toward getting this case ready so
12   that it can be tried somewhat earlier in 2020 than the
13   defendant has proposed.  That just seems to me to be too long.
14   But it seems to me that if we keep moving and if the defendant
15   continues to have access to the materials that he appears -- at
16   the rate and frequency that he appears to have now, I think
17   that we should be able to get the case ready and try to try the
18   case which, if I'm recalling correctly, the government says
19   will take approximately three weeks?
20            MR. NEFF:  I think that's about right, your Honor,
21   obviously subject to the length of any defense case.
22            MS. CARVLIN:  I would just mention, your Honor, that I
23   do anticipate at this point putting on a defense case that
24   could consume a week.
25            THE COURT:  All right.  I think it is important for us

1    to have a trial date in mind and to have a fixed trial date.
2    So for all the reasons set forth in the defendant's letter, I
3    am willing to adjourn the trial to May 4.  Now, I pick that
4    date because it is one part of the calendar where there would
5    be clear sailing for a jury trial to be fully engaged.  It is
6    beyond the Easter/Passover holidays, and I think it is a good
7    place for us to be.
8         What I would like to do is set this matter down for a
9    further conference in July.  I will put it down for July 18 at
10   12 noon.  I would like to receive a letter, once again,
11   reporting on the progress of the defense; and if the government
12   has any update, I welcome that as well.  Perhaps submit any
13   such letters by July 15.
14        As I say, the purpose on July 18 would be, one, first,
15   to hear about the progress that's been made, where the defense
16   feels they are on their continuum, and whether they are
17   developing a sense of what motions they want to make, without
18   committing, because I understand that that may take more time,
19   but if there are some motions that the defense feels at that
20   point are ripening and could be made some time shortly after
21   that, we can tee those up and start to address issues pretrial
22   in the case.
23        MS. CARVLIN:  Yes, your Honor.
24        THE COURT:  Where did I leave it, Mr. Neff, with
25   respect to the exclusion of time in this case?

1              MR. NEFF:  Your Honor, time is excluded through today,
2     but the government would seek to exclude time between today and
3     July 18 of this year so that the defense can continue to review
4     discovery, determine if they may make any noncommittal motions,
5     and so that, if appropriate, the parties can engage in possible
6     negotiations.
7              THE COURT:  All right.  Since this continuance is at
8     the behest of the defense counsel and the defendant and in view
9     of the arguments and information that the defendant has
10    provided to the court, I prospectively exclude the time from
11    today until July 18, 2019, from Speedy Trial Act calculations.
12    I certainly find that this continuance serves to ensure the
13    effective assistance of counsel and affords the defendant
14    himself the opportunity to continue his review of materials
15    produced by the government as he develops arguments and
16    strategies for his defense, and I find that the interests of
17    justice are served in this case and that such a continuance
18    outweighs the best interest of the public in a speedy trial
19    pursuant to 18 U.S.C. Section 3161.
20             Is there anything further at this time.
21             MR. NEFF:  Not from the government, your Honor.  Thank
22    you.
23             MS. CARVLIN:  No, your Honor.  Thank you.
24             THE COURT:  All right.  Thank you all for coming in.
25    I will see you in a few months.

1                                    oOo
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25