# LAW OFFICE OF
## STEPHANIE M. CARVLIN, ESQ.
140 Broadway, Suite 4610
New York, New York   10005

STEPHANIE M. CARVLIN, ESQ.

TELEPHONE: 212-748-1636
FAX: 212-858-7750
E-MAIL: CARVLIN@HOTMAIL.COM

July 15, 2019

Honorable William H. Pauley
United State District Court
Southern District of New York
500 Pearl Street
New York, NY   10007

    Re:   United States v. Roger Thomas Clark
            15-cr-866 (WHP)

Dear Judge Pauley:

      At the last status conference in this case on March 22, 2019, Your Honor directed the defense (and the government at its option) to submit a letter to the Court describing the progress of the defense since the last appearance. The Court also asked the defense to indicate whether we are developing a sense of what motions we may want to make "without committing[.]" (Transcript of March 22, 2019, conference at 9.) This letter is submitted in response to the Court's direction.

      Since March 22, 2019, the defense has continued to make progress in reviewing the discovery and in making the discovery available to Mr. Clark in a format that makes it possible for him to review the material efficiently. Problems have arisen over the last year concerning Mr. Clark's access to the material at the MDC, which have been based on staffing and security considerations. Through ongoing discussions with the legal staff at the MDC, and with the government's assistance, we have solved the vast majority of these impediments. Mr. Clark reports that he now has regular access to the material in the East Building of the MDC. While reviewing the discovery in the East Building (he is housed in the West Building and must be brought over to the East Building by staff to review the material) he is now being given food, water and access to bathroom facilities in the East Building. This makes it possible for him to spend longer periods of time looking through the discovery. Additionally, through CJA funds approved by the Court, I have been able to use the services of a paralegal

to help Mr. Clark review the material and to assist him in obtaining legal materials he believes relevant to his defense.

One problem remains, which I believe we have resolved. Some of the material that it appears likely that the government will rely on at trial was recovered from a laptop seized from Ross Ulbricht. What I deemed to be the most pertinent of this material I made available to Mr. Clark on DVD or in hard copies. Thus, he is able to review it (and has been I initially provided it in August, September and November of 2019). However, there are some "files" on the Ulbricht laptop that cannot be reviewed with the programs that currently are installed on the computers at the MDC or on the laptop I provided to Mr. Clark. After consulting with a computer forensic expert I have now identified what programs will have to be installed either on the MDC computers or on Mr. Clark's laptop to make all the material from the Ulbricht laptop readily available to Mr. Clark. Again, the government and defense have worked jointly to try to reach a solution that the MDC will approve. There are two or three options that will meet the MDC's security concerns, and I expect to be able to provide Mr. Clark with access to this material within a month. Again, I have made and given Mr. Clark copies (hard copies or electronic copies on CD/DVD) of the material from the Ulbricht laptop that I believe is significant to the defense. The other material, which Mr. Clark wants to be able to review himself, should be available to him shortly.

Since the March 22, 2019, conference the defense has also considered what motions would be appropriate in this case. While we cannot provide a definite answer until we have done additional legal research (and my investigator has completed certain tasks), we do anticipate making a motion to dismiss the indictment on various grounds. I believe the defense will also make motions to suppress the contents of servers that were seized in Iceland, in Pennsylvania and in California, as well as the contents of Mr. Ulbricht's laptop. Devices were seized from Mr. Clark in Thailand (laptops, external drives, a camera, etc.). I will move to suppress the contents of those devices also.

I am confident that I will be in a position to file motions – and Mr. Clark will be in a position to participate fully in that process – by the Fall. I therefore believe that it would be appropriate for the Court to set a motion schedule at the July 18, 2019, conference. After consultation with the government, I request that the Court order the following: defense motions by October 31, 2019; the government's response due on or before December 12, 2019; Defense reply by December 26, 2019.

Respectfully submitted,

/s/
Stephanie Carvlin