UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

UNITED STATES OF AMERICA,         :    **DECLARATION**

v.                                :

                                       Indictment No.
                               :    15-cr-866 (WHP)

ROGER THOMAS CLARK,

           Defendant.             :

                              :
-------------------------------------------------------------x

      I, JACOB BARCLAY MITCHELL, Esq. declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

1. I am an attorney duly admitted to practice law in the United States District Court for the Southern District of New York.

2. I have been appointed as co-counsel with Stephanie Carvlin to represent Roger Thomas Clark, the defendant in this case.

3. I submit this Declaration in support of Mr. Clark's motion, pursuant to the Fourth and Fifth Amendments to the United States Constitution, Rule 16 of the Federal Rules of Criminal Procedure and Local Rule 16.1, for an order suppressing evidence and compelling the government to provide additional discovery.

## The Discovery the Defense Seeks

4. The government asserts that Federal Bureau of Investigations ("FBI") Special Agent Christopher Tarbell and another unnamed FBI agent discovered the server for the Silk Road website by closely examining data that was sent back from the server in response to information the agents entered into the website's user login

page. The documents Mr. Clark asks the Court to compel the government to produce are records that memorialize those activities.

5. Based on a review of the discovery the government already has provided, the defense seeks the following:

- The name of the software that FBI Special Agent Christopher Tarbell and another member of the Cybercrime Squad ("CY-2") of the New York Field Office of the FBI used to capture packet data sent from the Silk Road server;

- The list of "miscellaneous entries" Agent Tarbell asserts that he or any other member of CY-2 purportedly entered in the username, password and CAPTCHA of the Silk Road login page as part of their attempts in "early June 2013" to locate the Internet Protocol ("IP") address of the Silk Road website;

- All logs or reports that document efforts Agent Tarbell and another member of CY-2 purportedly made in early June of 2013 as part of their efforts to locate the Internet Protocol ("IP") address of the Silk Road website;

- All logs of server-error messages Agent Tarbell and another member of CY-2 purportedly received in early June of 2013 in response to entering invalid data into the Silk Road user login page;

- All valid login credentials Special Agent Tarbell and another member of CY-2 purportedly used as part of their efforts in early June of 2013 to locate the IP address of the Silk Road website;

- All invalid login credentials (user names, passwords and CAPTCHA entries) Special Agent Tarbell and another member of CY-2 purportedly used as part of their efforts in early June of 2013 to locate the IP address of the Silk Road website;

- All packet logs recorded during the course of the Silk Road investigation, including packet logs that showed packet headers containing the IP address of the Silk Road server (193.107.86.49) as of early June of 2013;

- The types of devices Agent Tarbell or other members of CY-2 used in early June of 2013 to obtain the Silk Road IP address;

- All reports, notes, photographs or log files that document the hardware configuration of the Silk Road servers, the Ulbricht laptop and any devices

2

seized from Roger Clark as they existed at the time the images turned over by the government to the defense on July 16, 2018, were made;

- The order of the hard drives in any Redundant Array of Independent Disks (RAID) configuration and any data pertaining to the Basic Input/Output System (BIOS) of the server and other devices, images of which were turned over by the government to the defense on July 16, 2018;

- The dates, times and location of the forensic examinations of the Silk Road server;

- Information about how law enforcement obtained the IP address of the initial Silk Road server (193.107.84.4).

### The Basis for the Requests

6. As counsel for Mr. Clark, Stephanie Carvlin and I retained a computer forensic expert, Joshua J. Michel, to assist in Mr. Clark's defense.

7. I provided Mr. Michel with the following materials:

    a. 8 Terabytes of data produced in discovery to counsel for Mr. Clark by the government on July 16 2018, which included the Silk Road servers.

    b. A copy of Indictment *United States v. Ulbricht*, 14 Cr. 68 (KBF). (Attached as Exhibit A.)

    c. A copy of the Indictment in this case, *United States v. Clark*, S2 15 Cr. 866 (WHP). (Attached as Exhibit B.)

    d. The Declaration of FBI Special Agent Christopher Tarbell without exhibits. (Attached as Exhibit C.)

    e. The Declaration of Attorney Joshua J. Horowitz with exhibits. (Attached as Exhibit D.)

    f. The Government's Response to Mr. Horowitz's Declaration. (Attached as Exhibit E.)

3

    g. Letter dated October 7, 2014, from Attorney Joshua L. Dratel to Judge Katherine B. Forrest. (Attached as Exhibit F.)

    h. An Index of the 8 Terabytes of data produced in discovery by the government in this case. (Attached as Exhibit G.)

8. I asked Mr. Michel to review these materials and reach a conclusion about whether Agent Tarbell's explanation of how he and another unidentified member of the CY-2 squad located the Silk Road website's IP address is plausible.

9. For the reasons stated in Mr. Michel's Declaration, being filed with this motion, the explanation Agent Tarbell has offered is suspect. (Michel Declaration ¶ 30.)

10. I have been advised by Mr. Michel that he needs the information contained in items one through ten of the discovery requests listed above in order to definitively confirm or rebut Agent Tarbell's assertions.

11. Discovery provided by the government in the Ulbricht prosecution states that an unidentified member or members of law enforcement in the United States first located a Silk Road server with the IP address 193.107.84.4 in February of 2013. The government has refused to disclose how the .4 IP address was discovered and has indicated that it will not rely on any information that was obtained from the imaging of that server. (Exhibit C at 5, n7.)

12. The government asserts that Agent Tarbell's discovery of the .49 server – the contents of which will form a significant portion of the government's evidence in this case – was completely independent of any information that was obtained from the .4 server. (Exhibit C at 5, n7.)

13. There is reason to question that assertion. First, Agent Tarbell was certified as a Forensic Computer Examiner by both the FBI and the International Association of Computer Investigative Specialists. Yet he has asserted that he kept *no* records or notes or logs of the actions he and another unidentified member of the CY-2 squad took to find the Silk Road IP address.

14. Additionally, while Agent Tarbell has claimed the IP address of the .49 server was "independently identified solely by ... examining the traffic data sent back when [he and his fellow agent] interacted with its user login interface[ ]," a letter the United States Attorney's Office for the Southern District of New York sent to Iceland seeking its assistance in the Silk Road investigation contradicts this claim. (Exhibit C at 5, n7.)

15. In a letter to the Reykjavik Metropolitan Police dated June 12, 2013, the United States Attorney's Office requested that Iceland obtain the same information for the .49 server that the government had previously sought with respect to the .4 server: customer information, routing and address information for communications sent from March 1, 2013 to the date of the letter and prospective information for the following 90 days. The government also asked the RMP to "covertly image the contents of the Current Silk Road Server[ ]" as soon as possible. (Exhibit C at Exhibit 1 - Letter of June 12, 2013, from the United States Attorneys Office for the Southern District of New York to the Reykjavik Metropolitan Police.)

16. In support of this request, the government stated that the .49 address had been discovered by the FBI *through extensive analysis of the traffic data from the .4*

5

*server* that Iceland has provided and through continued analysis of the Silk Road website. (Emphasis added.)(*Id.*)

17. The information sought in requests eleven and twelve above will permit defense counsel to assess the accuracy of Agent Tarbell's explanation of how he discovered the relevant Silk Road server - .49 server.

## Compliance with Local Criminal Rule 16.1

18. As required by Local Criminal Rule 16. 1,[1] counsel for Mr. Clark, Stephanie Carvlin and I, have conferred with the government in a good-faith effort to obtain the discovery items without the Court's intervention.

19. I sent the government a letter on October 9, 2019, asking for all but the last two items sought. By email I sent on October 17, 2019, I supplemented my October 9 request, asking the government to provide the information in the last two discovery requests above: information about how law enforcement obtained the IP address of the initial Silk Road server: 193.107.84.4 and the dates, times and locations of the forensic examinations of the Silk Road server.

20. The government responded by email dated October 23, 2019, and declined to provide any of the documents.

21. I am attaching hereto true and accurate copies of the following documents as Exhibits H through K:

---

[1] Local Criminal Rule 16.1 provides as follows: No motion addressed to a bill of particulars or any discovery matter shall be heard unless counsel for the moving party files in or simultaneously with the moving papers an affidavit certifying that counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court and has been unable to reach agreement.

6

- Government's Memorandum in Opposition to Motion to Suppress – *United States v. Ulbricht*, 14-cr-68 (KBF) (Exhibit H);

- Agent Gary L. Alford's Affidavit in Support of Application for Warrant to Search Stored Electronic Communications (Exhibit I);

- Order & Opinion dated October 10, 2014, *United States v. Ulbricht*, 14-cr-68 (KBF) (Exhibit J);

- Excerpt from trial transcript, *United States v. Ulbricht*, 14-cr-68 (KBF)(Exhibit K).

Dated:   New York, New York
         October 31, 2019

                                                    Jacob B. Mitchell