# EXHIBIT C

# (2016 Extradition Hearing Transcript, in Thai and English)

(๒๑ พ.)
คำให้การพยานจำเลย
(จำเลยอ้างตนเองเป็นพยาน)



คดีหมายเลขดำที่    อผ.๒/๒๕๕๙
คดีหมายเลขแดงที่

ศาลอาญา
วันที่  ๒๖  เดือน ธันวาคม  พุทธศักราช ๒๕๕๙
ความอาญา

พนักงานอัยการ สำนักงานต่างประเทศ สำนักงานอัยการสูงสุด          โจทก์

ระหว่าง

นายโรเจอร์  โทมัส  คลาร์ก (Roger Thomas CLARK)          จำเลย

ข้าพเจ้าพยานได้สาบานตนแล้วขอให้การว่า

๑.    ข้าพเจ้าชื่อ          นายโรเจอร์  โทมัส  คลาร์ก (Roger Thomas CLARK)
๒.    เกิดวันที่    -    เดือน    -    พ.ศ.  -  อายุ  ๕๕  ปี
๓.    ตำแหน่งหรืออาชีพ    ไม่ได้ประกอบอาชีพ
๔.    ตั้งบ้านเรือนอยู่    ๑๗๓ หมู่ ๔ หาดไก่แบ้ เกาะช้าง จังหวัดตราด
๕.    เกี่ยวพันกับคู่ความ    จำเลย
        พยานเบิกความผ่านล่ามภาษาอังกฤษ ชื่อ นางสาวฟองจันทร์  สุขเสน่ห์ ซึ่งได้สาบานตนแล้ว
และขอให้การต่อไปว่า <u>ตอบทนายจำเลยถาม</u>

        ข้าฯ เข้ามาอยู่ที่เกาะช้างเมื่อเดือนกรกฎาคม ๒๕๕๕

        ข้าฯ เข้ามาในประเทศไทยโดยถูกกฎหมาย โดยใช้วีซ่านักท่องเที่ยว

        ขณะที่ข้าฯ ถูกจับในคดีนี้ ข้าฯ ยังมีวีซ่าอยู่

        เกี่ยวกับคดีนี้ ข้าฯ ถูกจับกุมโดยเจ้าหน้าที่ตรวจคนเข้าเมืองเข้ามาจับกุมข้าฯ ในขณะที่

ข้าฯ พักอยู่ในห้องพัก เจ้าหน้าที่ที่เข้ามาจับกุมนั้น ๒ คนแรกใส่ชุดธรรมดา อีก ๔๕ นาทีต่อมา

มีเจ้าหน้าที่ตรวจคนเข้าเมืองในพื้นที่อีก ๑ คน เข้ามา และพาบุคคลชื่อแม็ก เจ้าของร้านอาหารอินเดีย

มาเป็นล่าม จากนั้นมีเจ้าหน้าที่หัวหน้าตรวจคนเข้าเมืองไก่แบ้ ๑ คน และทหารอีก ๓ คน สวมเสื้อกัน

- ๒ –

กระสุนและอาวุธปืนเข้ามาจับกุมข้าฯ  ขณะที่เจ้าหน้าที่เข้ามาจับกุมนั้นไม่ได้แจ้งกับข้าฯ ว่าผู้ใดเป็นบุคคล

ที่เปิดประตูห้องพักของข้าฯ เพื่อพาเจ้าหน้าที่เข้ามาจับกุม  ข้าฯ เข้าใจว่าน่าจะเป็นเจ้าของบ้านเป็นผู้เปิด

ประตู

เมื่อเจ้าหน้าที่มาถึงห้องพักของข้าฯ เจ้าหน้าที่ถามชื่อของข้าฯ ข้าฯ ตอบว่าชื่อโรเจอร์

และเจ้าหน้าที่ได้ถามว่ามีเอกสารพิสูจน์ตนหรือไม่ ข้าฯ จึงมอบเอกสารให้แก่เจ้าหน้าที่ เจ้าหน้าที่จับกุม

ข้าฯ โดยไม่มีหมายจับ บอกข้าฯ เพียงว่าจะมาจับกุม เจ้าหน้าที่มีข้อมูลเกี่ยวกับพาสปอร์ตของข้าฯ

แต่ไม่ทราบข้อหาที่ข้าฯ ถูกจับ เจ้าหน้าที่แจ้งกับข้าฯ ว่าจะทราบข้อหาที่ถูกจับเมื่อถึงกรุงเทพมหานคร

เจ้าหน้าที่ไม่ได้แสดงหมายจับ หรือเอกสารใด ๆ และไม่ได้แจ้งข้อหา มีเพียงภาพถ่ายและ

ข้อมูลพาสปอร์ตของข้าฯ

ขณะเข้าจับกุมข้าฯ เจ้าหน้าที่ไม่มีหมายค้น เจ้าหน้าที่ ๒ คนแรกที่มาถึงสามารถพูด

ภาษาอังกฤษได้ ต่อมาเมื่อเจ้าหน้าที่คนอื่นมาถึงเริ่มค้นห้องพักข้าฯ ข้าฯ ทักท้วง เจ้าหน้าที่บอกกับข้าฯ

ว่ามีหมายค้นอยู่ที่กรุงเทพฯ และข้าฯ จะได้เห็นเมื่อไปถึง กรุงเทพฯ

เมื่อเจ้าหน้าที่มาถึงห้องพักและแจ้งว่าจะมาจับข้าฯ ข้าฯ ได้ทักท้วงไป จากนั้นเจ้าหน้าที่

นำเอกสารที่เขียนด้วยมือมาให้ข้าฯ เซ็น และบุคคลที่ชื่อแม็ก ซึ่งเป็นเจ้าของร้านอาหารอินเดียอ่าน

เอกสารดังกล่าวให้ข้าฯ ฟัง และบอก ข้าฯ ว่าเจ้าหน้าที่พบหลักฐานเกี่ยวกับการกระทำความผิด

ในคอมพิวเตอร์ของข้าฯ จึงจำเป็นต้องริบและนำไปที่กรุงเทพ ข้าฯ จึงค้านว่าไม่น่าจะใช่ นายแม็กอ่าน

เอกสารอีกครั้งหนึ่งและบอกว่า เจ้าหน้าที่จะนำคอมพิวเตอร์ไปที่กรุงเทพเพื่อตรวจสอบหลักฐาน

.......................................อัยการโจทก์  .......................................ทนายจำเลย

.......................................จำเลย/พยาน  .......................................ล่าม

- ๓ -
(คำให้การพยานจำเลย นายโรเจอร์ โทมัส คลาร์ก (Roger Thomas CLARK))
(คดีหมายเลขดำที่ ผอ.๒/๒๕๕๙)

ข้าฯ จึงถามนายแม็กว่าสามารถอ่านภาษาไทยได้หรือไม่ นายแม็กยอมรับว่าอ่านภาษาไทยไม่ได้ ข้าฯ จึงจำเป็นต้องเซ็นเอกสารนั้นทั้งที่อ่านไม่ออก และยังไม่ได้อ่านและไม่เข้าใจ ที่จำต้องเซ็น เนื่องจากเจ้าหน้าที่ที่มีอาวุธปืนใช้ไม้ทุบบริเวณซี่โครงของข้าฯ

เอกสารที่เจ้าหน้าที่เขียนด้วยลายมือนั้น เจ้าหน้าที่จะนำไปทำอะไรต่อ ข้าฯ ไม่ทราบ

หลังจากที่เจ้าหน้าที่ส่งตัวข้าฯ ไปที่จังหวัดตราดแล้ว เจ้าหน้าที่ได้พิมพ์เอกสารฉบับใหม่ และข้าฯ จำต้องลงลายมือชื่อในเอกสารฉบับดังกล่าว เอกสารฉบับใหม่ที่เจ้าหน้าที่พิมพ์ขึ้นมา คือ บันทึกการจับกุม เอกสารหมาย จ.๑๑ ที่ทนายจำเลยให้ดูนี้ ข้าฯ ไม่ทราบว่าเอกสารที่เขียนด้วย ลายมือนั้นหายไปไหน ข้าฯ ได้ลงลายมือชื่อและได้เขียนข้อความไว้ในเอกสาร แผ่นที่ ๓ ว่า "ไม่ได้อ่าน อ่านไม่เข้าใจ ถูกบังคับให้เซ็น" ขณะที่ข้าฯ ลงลายมือชื่อในเอกสาร ข้าฯ ไม่ทราบว่า ข้อความ ที่ปรากฏคืออะไร เจ้าหน้าที่ที่อยู่ด้วยไม่มีใครแปลให้ และสิทธิที่จะมีทนายความหรือสิทธิที่จะไม่ให้การ ข้าฯ ไม่ทราบ และข้อความรับสารภาพในบันทึกการจับกุม เอกสารหมาย จ.๑๑ ข้าฯ ไม่ทราบ ว่ามีข้อความนี้ปรากฏอยู่

ทรัพย์ที่ถูกยึดในการจับกุม มี ๘ รายการ ตามรายการของกลางที่ปรากฏ ในบันทึกการจับกุม เอกสารหมาย จ.๑๑ ที่ทนายจำเลยให้ดูนี้ใช่

ที่ข้าฯ มีคอมพิวเตอร์หลายเครื่อง เนื่องจากทำงานเกี่ยวกับการค้นคว้าวิจัยให้แก่นักเขียน ที่สหราชอาณาจักร

ที่อยู่ของข้าฯ ที่เกาะช้าง ปรากฏตามเอกสารที่ทนายจำเลยให้ดูนี้ อ้างส่งศาลรับไว้ หมาย ล.๓ ซึ่งมีนางรัชดาภรณ์  คำแหงวงศ์ ผู้ให้เช่าลงลายมือชื่อไว้ พยานเบิกความย้อนไปว่า

- ๕ -

คอมพิวเตอร์ที่เจ้าหน้าที่ยึดไปจากห้องพัก ข้าฯ ยังไม่ได้รับคืนและไม่ทราบว่าตอนนี้อยู่ที่ไหน

และเจ้าหน้าที่ไม่มีเอกสารมาแสดงต่อข้าฯ ว่า คอมพิวเตอร์ของข้าฯ ผิดกฎหมายอย่างไร

ข้าฯ เข้าใจว่าที่ศาลออกหมายจับข้าฯ ในคดีนี้ เนื่องจาก สหรัฐอเมริกา ได้ส่งคำขอให้ส่ง

ผู้ร้ายข้ามแดนมายังประเทศไทย

ตามคำขอที่ส่งมากล่าวหาข้าฯ เคยใช้ชื่อว่า จิปซี่ นิวาน่า (Gypsy     Nirvana) และ

เกี่ยวข้องกับผู้ชายที่ชื่อ รอส  อัลเบรท (Ross  Albrecht) ซึ่งดำเนินเว็บไซต์ผิดกฎหมาย ชื่อ เว็บไซต์ว่า

ซิลล์โรด (Silk Road) แต่ขณะถูกจับกุม ข้าฯ ไม่ทราบเรื่องดังกล่าว รอส อัลเบรท (Ross Albrecht) กับ

นายรอส  วิลเลี่ยม เท่าที่ข้าฯ ทราบคือบุคคลคนเดียวกัน

ข้าฯ ไม่เกี่ยวข้องกับนายรอส ไม่เคยเจอ และไม่ทราบว่าเป็นใคร

เท่าที่ข้าฯ ทราบ นายรอสฯ ถูกกล่าวหา ดำเนินคดี และตัดสินว่ามีความผิด

ชื่อที่ข้าฯ ถูกกล่าวหาว่าใช้ในการกระทำความผิดมี ๒ ชื่อ ปรากฏตามหมายจับเอกสาร

หมาย จ.๒ ที่ทนายจำเลยให้ดูนี้ และการขอให้ประเทศไทยออกหมายจับข้าฯ ข้าฯ เข้าใจว่าทาง

สหรัฐอเมริกาได้ส่งคำฟ้องมาภายหลังจากที่ได้ส่งคำขอส่งผู้ร้ายข้ามแดน ทางสหรัฐอเมริกาได้ส่งคำขอ

มายังประเทศไทยเมื่อวันที่ ๔ เมษายน ๒๕๕๘ ตามคำเบิกความของเจ้าหน้าที่กระทรวงการต่างประเทศ

นำมาเป็นพยานโจทก์

....................................อัยการโจทก์          ....................................ทนายจำเลย

....................................จำเลย/พยาน          ....................................ล่าม

- ๕ -
(คำให้การพยานจำเลย นายโรเจอร์ โทมัส คลาร์ก (Roger Thomas CLARK))
(คดีหมายเลขดำที่ ผอ.๒/๒๕๕๙)

หมายจับที่ทางสหรัฐอเมริกาส่งมาไม่ได้ส่งมาพร้อมกับคำฟ้อง แต่คำฟ้องส่งมาภาย
หลังจากที่ได้ส่งหมายจับมา ข้าฯ เห็นคำฟ้องเมื่อเดือนพฤษภาคม ๒๕๕๙ เป็นคำฟ้องที่พนักงานอัยการ
นิวยอร์กฟ้องข้าฯ เป็นจำเลย โดยระบุชื่อของข้าฯ และชื่ออื่นตามที่ปรากฏในหมายจับ

ข้าฯ ทราบว่า นายรอสฯ ถูกกล่าวหาว่ากระทำความผิดและถูกตัดสินว่ากระทำความผิด
ใน ๖ ข้อหาเดียวกันกับที่ข้าฯ ถูกฟ้อง จากคำให้การประกอบเอกสารขอส่งผู้ร้ายข้ามแดน
ซึ่งเมื่อข้าฯ ทราบ ข้าฯ ได้สำเนาบทถอดเทปการพิจารณาคดีในศาล จำนวน ๒,๓๔๒ แผ่น

หลังจากที่ข้าฯ ได้อ่านเอกสารทั้งหมดแล้ว ไม่มีจุดที่กล่าวถึงข้าฯ มีเพียงคำเบิกความของ
เจ้าหน้าที่สอบสวนมลรัฐนิวยอร์ก ระบุว่ามีพยานหลักฐาน ๒ จุดที่พาดพิงข้าฯ แต่เมื่ออ่านแล้วไม่ปรากฏ
ชื่อและไม่มีข้อความใดพาดพิงข้าฯ ปรากฏตามเอกสารถอดเทปการพิจารณาคดี **ที่ทนายจำเลยอ้างส่ง**
**ศาลรับไว้หมาย ล.๔**

บทถอดเทปการพิจารณาคดี เอกสารหมาย ล.๔ เป็นเพียงคำเบิกความในศาล
ไม่ใช่กระบวนพิจารณาคดีทั้งหมด ข้าฯ ได้ขอสำเนาการพิจารณาคดีทั้งหมดจากสถานทูตอเมริกา
แต่สถานทูตอเมริกาปฏิเสธไม่ส่งเอกสารมาให้ ปรากฏตามหนังสือถึงศาลอาญาที่ ศย.๐๑๖/๖๔๒๘
**ที่ทนายจำเลยอ้างส่ง ศาลรับไว้หมาย ล.๕**

จิบซี่ นิวาน่า (Gypsy  Nirvana) เป็นชื่อบริษัทที่ข้าฯ เคยทำงานอยู่ที่สหราชอาณาจักร
และเป็นบริษัทที่จดทะเบียนถูกต้องตามกฎหมาย รายละเอียดตามเอกสารข้อมูลการจดทะเบียนที่พิมพ์
จากเว็บไซต์ **ที่ทนายจำเลยอ้างส่ง ศาลรับไว้หมาย ล.๖** และเจ้าของบริษัทนี้มีชื่อว่า นายจิบซี่ นิวาน่า
(Gypsy Nirvana)

- ๖ –

ข้าฯ ทราบว่า นายจิบซี่ฯ เพิ่งถูกปล่อยตัวจากเรือนจำประเทศฟิลิปปินส์ โดยติดคุกตั้งแต่

ปี ๒๕๕๖ ซึ่งประเทศสหรัฐอเมริกาได้มีคำร้องขอให้ประเทศฟิลิปปินส์ส่งผู้ร้ายข้ามแดนในข้อหาคล้ายกับ

ข้าฯ และข้อหาฟอกเงิน แต่ประเทศฟิลิปปินส์ไม่ส่งตัวให้ และในขณะนี้นายจิบซี่ฯ ถูกส่งตัวกลับไปที่

สหราชอาณาจักรแล้ว รายละเอียดปรากฏตามข่าว**ที่ทนายจำเลยให้ดูนี้ อ้างส่งศาลรับไว้หมาย ล.๗**

ที่ ข้าฯ ถูกประเทศสหรัฐอเมริการ้องขอให้ส่งผู้ร้ายข้ามแดน โดยอ้างเหตุว่าเป็นเจ้าของ

ร่วมในบริษัทจิบซี่ นิวาน่า นั้นข้าฯ ไม่ใช่เจ้าของร่วมในบริษัทดังกล่าวเพียงแต่เคยรับจ้างทำงานเมื่อ ๑๑ ปี

ที่แล้ว ซึ่งบริษัทจิบซี่ นิวาน่า ได้เปิดทำการก่อนที่ข้าฯ จะได้เดินทางไปสหราชอาณาจักร รายละเอียด

ปรากฏตามเอกสารประวัติการเดินทางที่ออกโดยสถานทูตแคนาดา **ที่ทนายจำเลยให้ดูนี้**

**อ้างส่งศาลรับไว้หมาย ล.๘**

ข้าฯ เคยเดินทางไปสหรัฐอเมริกาเมื่อประมาณ ๑๐ ปีที่แล้ว เพื่อไปงานศพของญาติ

รายละเอียดปรากฏตามสำเนาหนังสือเดินทางหน้าที่ ๑๐ และ หน้าที่ ๑๑ ที่วงไว้ด้วยหมึกสีน้ำเงิน

**ที่ทนายจำเลยให้ดูนี้อ้างส่งศาลรับไว้หมาย ล.๙**

การกระทำความผิดตามคำขอส่งผู้ร้ายข้ามแดน เหตุเกิดช่วงปี ๒๕๕๔ ถึง เดือนตุลาคม

๒๕๕๖

นอกจากคดีนี้แล้ว ข้าฯ ไม่เคยมีประวัติถูกดำเนินคดีมาก่อนไม่ว่าจะในประเทศไทย

หรือต่างประเทศ

.........อัยการโจทก์          .........ทนายจำเลย

.........จำเลย/พยาน          .........ล่าม

ข้อหาที่ข้าฯ ถูกกล่าวหาทั้ง ๖ ข้อหา เกี่ยวกับเว็บไซต์ซิลค์ โรด ไม่มีพยานหลักฐาน

สนับสนุนข้อกล่าวในข้อหาทั้งหก

นอกจากนี้ นายแกรี่  อัลฟอร์ต อัยการศาลอเมริกาซึ่งเป็นผู้ตรวจสอบการกระทำความผิด

ของจำเลยในคดีนี้ โจทก์ไม่ได้นำมาเบิกความต่อศาล

การกระทำความผิดทั้ง ๖ ข้อหาเป็นความผิดเกี่ยวกับเว็บไซต์ซิลค์ โรด ซึ่งตอนที่เว็บไซต์

ดังกล่าวดำเนินการอยู่บุคคลภายนอกสามารถเข้าถึงได้ ซึ่งข้าฯ เข้าใจว่าเว็บไซต์ดังกล่าวไม่สามารถ

ตรวจสอบได้ว่าใครเป็นเจ้าของ และข้าฯ ไม่มีส่วนเกี่ยวข้องใด ๆ กับเว็บไซต์นี้

การซื้อขายออนไลน์ในเว็บไซต์ดังกล่าวใช้หน่วยเงินบิตคอยน์ (Bit coin) ซึ่งบิตคอยน์ใช้

แทนเงินสดได้ และไม่ผิดกฎหมาย และการใช้บิตคอยน์เป็นหน่วยเงินในการซื้อขายแลกเปลี่ยนใช้กันอย่าง

แพร่หลาย และสามารถตรวจสอบได้

ตามคำฟ้องของอัยการ อ้างว่านายรอส  อัลเบิร์ท ได้โอนเงินโดยใช้บิตคอยน์ให้ข้าฯ หลาย

ครั้ง หากมีการโอนเงินดังกล่าวจริงสามารถตรวจสอบได้

ในคำขอส่งผู้ร้ายข้ามแดนไปยังประเทศสหรัฐอเมริกาผู้ลงนามคือ จอห์น  เคอร์รี่ ซึ่งเป็น

รัฐมนตรีระดับสูงของประเทศสหรัฐอเมริกา ซึ่งนายจอห์น  เคอร์รี เคยให้ความเห็นเกี่ยวกับหลักการในการ

ส่งผู้ร้ายข้ามแดนตามบทสมภาษณ์ของนายจอห์น  เคอร์รี ที่ทนายจำเลยให้ดูนี้ อ้างส่งศาลรับไว้หมาย

ล.๑๐

ในคดีนี้อัยการไม่ได้แสดงหลักฐานใดว่าข้าฯ มีความเกี่ยวข้องกับข้อหาที่ขอให้ส่งผู้ร้าย

ข้ามแดน

– ๘ –

บุคคลที่ใช้ชื่อว่า เดรด ไพเรท โรเบิร์ต ซึ่งตามคำฟ้องพนักงานอัยการอ้างว่าเป็นผู้ดำเนิน

เว็บไซต์ซิลค์ โรด ตามเอกสารที่ทางการสหรัฐอเมริกาส่งมานั้นเป็นบุคคลคนเดียวกับ รอส และที่อ้างว่าข้า

ฯ เป็นที่ปรึกษาของ เดรด ไพเรท โรเบิร์ต นั้น ข้าฯ ไม่รู้จักบุคคลดังกล่าวและไม่เคยเจอ

ตามพยานหลักฐานของพนักงานอัยการ ไม่มีพยานหลักฐานเพียงพอที่จะแสดงว่าข้าฯ

เป็นบุคคลคนเดียวกับชื่อที่ปรากฏในหมายจับ ตามเอกสารหมาย จ.๒

<u>ตอบอัยการโจทก์ถามค้าน</u>

ชื่อ โรเจอร์ โทมัส คลาร์ก ที่ปรากฏในหมายจับของศาลสหรัฐอเมริกา เอกสารหมาย จ.๒

และชื่อที่ปรากฏในหนังสือเดินทาง เอกสารหมาย จ.๕ เป็นชื่อของข้าฯ ข้าฯ จะเป็นบุคคลคนเดียวกับที่

ประเทศสหรัฐอเมริกาต้องการตัว ตามคำร้องขอส่งผู้ร้ายข้ามแดน ข้าฯ ไม่ทราบ

ตามคำร้องขอส่งผู้ร้ายข้ามแดนของประเทศสหรัฐอเมริกาอ้างถึงคำฟ้อง เอกสารท้ายคำ

ร้องระบุชื่อ นายโรเจอร์ โทมัส คลาร์ก บุคคลดังกล่าวเป็นคนเดียวกับข้าฯ ตามเอกสารประกอบคำร้อง

**พร้อมคำแปลซึ่งเป็นเอกสารท้ายคำร้องของพนักงานอัยการที่พนักงานอัยการโจทก์ให้ดูนี้ใช่ อ้างส่งศาล**

**รับไว้หมาย จ.๑๔ แผ่นที่ ๔๒**

นอกจากนี้ รูปภาพที่ปรากฏในเอกสารประกอบคำร้องที่พนักงานอัยการโจทก์ให้ดูนี้

เป็นรูปของข้าฯใช่ ตามภาพถ่ายที่อยู่ในเอกสารท้ายคำร้องของพนักงานอัยการ**โจทก์อ้างส่ง ศาลรับไว้**

**หมาย จ.๑๕**

.......... .......... อัยการโจทก์   .......... ทนายจำเลย

.......... จำเลย/พยาน   .......... ล่าม

ตามเอกสารประกอบคำร้องที่ปรากฏชื่อเจ้าหน้าที่ทางการสหรัฐอเมริกาที่ชื่อ ริชาร์ต

คูเปอร์ แกรี่ อัลฟอร์ต และเจ้าหน้าที่สืบสวนคดีชื่อ เจอร์ราด  คูเชียน ข้าฯ ไม่ได้มีสาเหตุโกรธเคืองกับ

เจ้าหน้าที่เหล่านี้มาก่อน

เจ้าหน้าที่ตำรวจชุดจับกุมที่เกาะช้าง พนักงานสอบสวนในคดีนี้ และเจ้าหน้าที่

กระทรวงการต่างประเทศที่มาเบิกความในคดีนี้ ข้าฯ ไม่เคยมีสาเหตุโกรธเคืองกับเจ้าหน้าที่เหล่านี้มาก่อน

### <u>ตอบทนายจำเลยถามติง</u>

ที่ข้าฯ เบิกความว่าเป็นบุคคลคนเดียวกับที่ปรากฏในหมายจับและภาพในพาสปอร์ต

เอกสารท้ายคำร้องเป็นภาพของข้าฯ แต่ข้าฯ จะเป็นบุคคลคนเดียวกับที่ทางการสหรัฐอเมริกาต้องการ

หรือไม่ ข้าฯ ไม่ทราบ เนื่องจากพยานหลักฐานที่ปรากฏในสำนวนแนบท้ายคำร้องที่อ้างชื่อบุคคลกระทำ

ความผิด ไม่มีพยานหลักฐานใดยืนยันว่าบุคคลนั้นเป็นคนเดียวกับข้าฯ

รูปถ่ายข้าฯ ตามหมาย จ.๑๕ ข้าฯ ทราบเพียงว่าเคยนำรูปลงไว้ในอินเตอร์เน็ต

แต่ภาพดังกล่าวจะนำมาจากแหล่งไหน ข้าฯ ไม่ทราบ

เจ้าหน้าที่ของทางการสหรัฐอเมริกาที่ข้าฯ เบิกความตอบพนักงานอัยการโจทก์ไปไม่มี

บัตรข้าราชการมาแสดงให้ปรากฏว่าแท้จริงแล้วเป็นใคร/.อ่านแล้ว

- ๑๐ -

(นายนิทัศน์  หวังวิวัฒนา)                    (นายดุสิต  ผดุงศักดิ์)

(นายอดิศร  เสนาใหญ่)                      (นายภัทรชัย  พัฒนาภรณ์)

(นางสาวโสมอรุณ  กาญจนไพหาร)        (นางสาวสุดำพร  เจียมจูไร)  บันทึก/อ่าน

.................................อัยการโจทก์            .................................ทนายจำเลย

.................................จำเลย/พยาน           .................................ล่าม

.................................อัยการโจทก์            .................................ทนายจำเลย

.................................จำเลย/พยาน           .................................ล่าม

[handwritten:] [illegible]   <u>75</u>
5

**(21 Phor.)**
**Testimony of Defense Witness**
(Defendant Adduces Himself as a Witness)

[emblem]

**Black Case No.**  Or. Phor. 2/2559
**Red Case No.**

**Criminal Court**
**Day** 26 **Month** December **Year** 2016
**Criminal Lawsuit**

Between { Public Prosecutor, Foreign Affairs Office, Office of the Attorney General  **Prosecutor**

Mr. Roger Thomas Clark (Roger Thomas CLARK)  **Defendant**

**As a witness under oath, I testify that**

1.  **My name is**  Mr. Roger Thomas Clark (Roger Thomas CLARK)
2.  **Date of birth**  -  **Month** -  **Year** -  **Age** 55 **years old**
3.  **Position or career**  Unemployed
4.  **Resides at**  173 Moo 4, Hat Kai Bae, Koh Chang, Trat Province
5.  **Connection to litigants**  Defendant

**The witness did testify under oath through an English interpreter named Ms. Fongchan Suksane, and did give the following testimony in <u>response to examination by the defense attorney</u>:**

I came to Koh Chang in the month of July in 2012.

I entered Thailand legally and lawfully by use of a tourist visa.

At the time that I was arrested in this case, I still had a visa.

Regarding this case, I was arrested by immigration officials who came in and arrested me as I was resting in my room. The first two officials who came in to arrest me were wearing regular clothes. Forty-five minutes later, another local immigration official entered and brought an individual by the name of Mac, the owner of an Indian restaurant, to act as an interpreter. A chief immigration official from Kai Bae and three soldiers wearing bulletproof

vests and guns then came in and arrested me. The arresting officials did not inform me as to which person was responsible for opening the door to my room in order to allow the officials in to arrest me. It is my understanding that it was most likely the owner of the home that opened the door.

When the officials came to my room, an official asked for my name. I answered that my name is Roger, and the official then asked if I had any identifying documents or not. I then presented the official with my documents. The official arrested me without an arrest warrant and told me only that I was under arrest. The official had information about my passport, but he did not know the charges for which I was being arrested. The official informed me that the charges for which I was being arrested would be made known upon reaching Bangkok.

The official did not show me an arrest warrant or any sort of document, and he did not inform me of the charges. They only had a picture and my passport information.

When arresting me, the officials did not have a search warrant. The first two officials to appear were able to speak English. Later, when the other officials arrived and began to search my room, I objected. The officials told me that there was a search warrant in Bangkok and that I would see it upon arriving in Bangkok.

When the officials came to my room and informed me that I would be placed under arrest, I made my objections known. The officials then presented me with a handwritten document to sign, and the individual by the name of Mac, who is the owner of an Indian restaurant, read the document out loud to me and told me that the officials found evidence of wrongdoing on my computer and that it would therefore be confiscated and taken to Bangkok. I then disagreed and said that it could not possibly be true. Mr. Mac read the document one more time and stated that the officials would take the computer to Bangkok to evaluate the evidence.

| [signature] | **Prosecuting Attorney** | [signature] | **Defense Attorney** |
| [signature] | **Defendant/Witness** | [signature] | **Interpreter** |

**(Testimony of Defense Witness Mr. Roger Thomas Clark (Roger Thomas CLARK))**
**(Black Case No. Or. Phor. 2/2559)**

I then asked Mr. Mac if he could read the Thai language or not. Mr. Mac admitted that he could not read the Thai language. I therefore had to sign that document without being able to read it, and I still have not read it and do not understand it. I was forced to sign it due to the fact that the officials with guns used sticks to beat me in my ribs.

As to that document that the officials wrote by hand, I do not know what the officials planned to do with it.

After the officials sent me to Trat Province, the officials typed up a new document, and I was forced to sign my name to the aforementioned document. The new document that the officials typed up was the arrest record, document no. Jor. 11, which the defense attorney has presented. I do not know where that handwritten document disappeared to. I signed my name to page 3 of the document and I wrote a statement on it saying, "I did not read it. I could not understand anything I read. I was forced to sign it." At the time that I signed my name to the document, I did not know what was in the shown statement. Out of the officials present, there were none who translated for me, and I did not know of my right to an attorney or my right to remain silent. And as to the statement of confession in the arrest record, document no. Jor. 11, I did not know that this statement was present.

The property that was confiscated during the arrest includes 8 items as per the list of property in dispute that is shown in the arrest record, document no. Jor. 11, which the defense attorney has presented here.

My reason for having many computers is due to the fact that I work doing investigative research for writers in the United Kingdom.

My residence on Koh Chang is shown in the document **which the defense attorney has presented here, and which has been presented to the court, no. Lor. 3**, to which the landlord, Mrs. Ratchadaphon Khamhaengwong, has signed her name. The witness testifies in response that regarding the

- 4 -

computers that the officials confiscated from my room, I have not yet received them back, and I do not know where they are currently, and the officials do not have any documents that I have seen that show how my computers have broken the law.

I understand that the court issued an arrest warrant for me in this case due to the fact that the United States of America has sent a request for extradition to Thailand.

According to the extradition request that was sent, I am accused of having previously used the name Gypsy Nirvana (Gypsy Nirvana) and that I am associated with a man by the name of Ross Albrecht (Ross Albrecht) who ran an illegal website. The name of the website was Silk Road (Silk Road). However, at the time that I was arrested, I had no knowledge of such matters. Ross Albrecht (Ross Albrecht) and Mr. Ross William, as far as I am aware, are the same person.

I am not associated with Mr. Ross, we have never met, and I do not know who he is.

As far as I am aware, Mr. Ross has been charged, prosecuted, and found guilty.

There are two names that I am accused of having used in committing criminal acts. As can be seen in the arrest warrant, document no. Jor. 2, which the defense attorney has presented here, and the request for Thailand to issue an arrest warrant for me, it is my understanding that the United States of America sent the indictment after sending the request for extradition. The United States of America sent the request to Thailand on April 4, 2015 according to the testimony presented by the official from the Ministry of Foreign Affairs as a prosecution witness.

| | | | |
|---|---|---|---|
| _____[signature]_____ | **Prosecuting Attorney** | _____[signature]_____ | **Defense Attorney** |
| _____[signature]_____ | **Defendant/Witness** | _____[signature]_____ | **Interpreter** |

- 5 -

**(Testimony of Defense Witness Mr. Roger Thomas Clark (Roger Thomas CLARK))**
**(Black Case No. Or. Phor. 2/2559)**

The arrest warrant that the United States of America sent was not sent at the same time as the indictment, but rather the indictment was sent after the arrest warrant had already been sent. I have seen that the indictment from May 2016 is an indictment in which a public prosecutor in New York brought charges against me as a defendant by specifying my name and other names that appear in the arrest warrant.

I know that Mr. Ross was charged with committing a criminal act and was found guilty of the same 6 charges that have been brought against me from the evidence which includes the request for extradition. Upon gaining this knowledge, I made a copy of the court transcript in the amount of 2,342 pages.

After I had read all the documents, there were no spots which made reference to me. There was only the testimony of investigators from the state of New York who specified that there were 2 pieces of evidence that point to me, but upon reading there was no name given and there was no statement that referred to me, as is shown in the court transcript documents **which the defense attorney has presented to the court, no. Lor. 4**.

The court tape transcript, document no. Lor. 4, is just a statement to the court, not the entire judicial process. I requested a copy of the entire court transcript from the American embassy, but the American embassy rejected my request and did not send the documents to me, as is shown in the letter to the Criminal Court no. Sor. Yor. 016/64228 **which the defense attorney has presented to the court, no. Lor. 5**.

Gypsy Nirvana (Gypsy Nirvana) is the name of a company for which I previously worked in the United Kingdom, and it is a company that is registered correctly as required by law, the details of which can be seen in the registration information document that has been printed from a website **which the defense attorney has presented to the court, no. Lor. 6**, and the owner of this company goes by the name of Mr. Gypsy Nirvana (Gypsy Nirvana).

- 6 -

I know that Mr. Gypsy was recently released from prison in the Philippines, having been imprisoned since the year 2013, and that the United States of America did submit a request for the Philippines to extradite him for charges similar to the ones I am facing and for the charge of money laundering, but the Philippines did not extradite. At this time, Mr. Gypsy has already been sent back to the United Kingdom, the details of which can be seen in the news **which the defense attorney has presented here, and which has been presented to the court, no. Lor. 7**.

As to the request by the United States of America to extradite me by claiming that I am a co-owner of the Gypsy Nirvana company, I am not a co-owner in said company, and I was only an employee there 11 years ago. The Gypsy Nirvana company was open for business before I ever traveled to the United Kingdom, the details of which can be seen in the travel history documents issued by the Canadian embassy, **which the defense attorney has presented here, and which have been presented to the court, no. Lor. 8**.

I had previously traveled to the United States of America approximately 10 years ago in order to attend the funeral of a relative, the details of which can be seen circled in blue ink on page 10 and page 11 on the copy of my passport, **which the defense attorney has presented here, and which has been presented to the court, no. Lor. 9**.

The criminal acts as listed in the request for extradition occurred during the period of 2011 to October 2013.

Apart from this case, I have no history of ever being prosecuted for a crime in either Thailand or other countries.


    [signature]    **Prosecuting Attorney**      [signature]    **Defense Attorney**

    [signature]    **Defendant/Witness**      [signature]    **Interpreter**

- 7 -

**(Black Case No. Or. Phor. 2/2559)**

The 6 charges of which I am accused are related to the Silk Road website. There is no evidence supporting the allegations in any of these six charges.

Moreover, Mr. Gary Alford, the American court prosecutor, who was the inspector of the criminal acts of the defendant in this case, was not presented by the prosecution to provide his testimony to the court.

The criminal acts in the 6 charges are offenses related to the Silk Road website. At the time that said website was in operation, outside individuals were able to access it. As far as I understand it, it was not possible to verify who the owner of the website was, and I did not have any involvement with this website.

Online purchases on said website used a unit of money called bitcoin (Bit coin) which can be used in place of cash and is not illegal, and the use of bitcoin as a unit of money in online purchases and transactions is widespread and can be verified.

According to the prosecutor's indictment, he claims that Mr. Ross Albrecht used bitcoin to transfer money to me many times. If said transfers actually occurred, it can be verified.

In the request for extradition to the United States of America, the signatory is John Kerry who is a United States Secretary of the highest level [*sic*]. Mr. John Kerry has previously expressed his opinion regarding the principles of extradition as per an interview with Mr. John Kerry **which the defense attorney has presented here, and which has been presented to the court, no. Lor. 10**.

In this case, the prosecutor has not provided any evidence that I have any connection with the charges in this extradition request.

- 8 -

The individual who goes by the name of Dread Pirate Roberts, which according to the indictment from the public prosecutor is claimed to be the operator of the Silk Road website, is, according to those official documents submitted by the United States of America, the same person as Ross, and as to the claim that I am an advisor of that Dread Pirate Roberts, I do not know said individual and have never met him.

In regards to the evidence presented by the prosecuting attorney, there is not enough evidence to show that I am the same person as the name that is shown in the arrest warrant, per document no. Jor. 2.

**Response to cross-examination by the prosecutor**

The name Roger Thomas Clark that appears in the arrest warrant from the court in the United States of America, document no. Jor. 2, and the name that appears in the passport, document no. Jor. 5, is my name. As to whether or not I am the same person that is wanted by the United States of America according to the request for extradition, I do not know.

In regards to the United States of America's request for extradition claiming an indictment, the document at the end of the request lists the name Mr. Roger Thomas Clark. Said individual is the same person as me, according to the correct documents accompanying the request, together with a translation, which are the last documents of the request from the public prosecutor with the Office of the Attorney General **which the prosecution has presented here, and which has been presented to the court, no. Jor. 14**, page number 42.

Moreover, the picture that appears in the documents accompanying the request which the public prosecutor has presented here is truly a picture of me, according to the photograph included in the documents at the end of the request from the public prosecutor **which the prosecution has presented to the court, no. Jor. 15**.


<u>     [signature]     </u>   **Prosecuting Attorney**        <u>     [signature]     </u>   **Defense Attorney**

<u>     [signature]     </u>   **Defendant/Witness**        <u>     [signature]     </u>   **Interpreter**

- 9 -

**(Black Case No. Or. Phor. 2/2559)**

As per the documents accompanying the request which show the names of the United States government officials by the names of Richard Cooper, Gary Alford, and the official who investigated the case by the name of Gerard Kooshian, I did not have any reason to be angry with these officials previous to this.

As to the arresting police officials at Koh Chang, the investigators on this case, and the officials with the Ministry of Foreign Affairs that have provided testimony in this case, I have never had a reason to be angry with these officials previous to this.

**Response to reexamination by the defense attorney**

I provided testimony that I am the same person that appears in the arrest warrant and that the passport picture in the documents at the end of the request is a picture of me, but I do not know if I am the same person wanted by the officials from the United States of America or not due to the fact that the evidence shown in the case file attached to the end of the request which claims to name the offender does not have any evidence that confirms that that individual is the same person as me.

As to the photograph of me, as per document no. Jor. 15, I only know that I previously uploaded that picture to the Internet, but I do not know from which source said picture was brought forth.

The United States government officials to whom I have responded in providing testimony to the public prosecutor have not shown me any government identification as proof of their true identities./
.Read

- 10 -

[signature]                                        [signature]
(Mr. Nithat Wangwiwatthana)                        (Mr. Dusit Phadungsak)


[signature]                                        [signature]
(Mr. Adison Senayai)                               (Mr. Phattharachai Phatthanaphon)


[signature]                                        [signature]
(Ms. Somarun Kanchanaphaihan)                      (Ms. Sudaphon Chiamchurai)     Record/Read


_____[signature]_____ **Prosecuting Attorney**        _____[signature]_____ **Defense Attorney**

_____[signature]_____ **Defendant/Witness**           _____[signature]_____ **Interpreter**




~~_____ **Prosecuting Attorney** _____ **Defense Attorney**~~

~~_____ **Defendant/Witness** _____ **Interpreter**~~