**MEMO ENDORSED**

## LAW OFFICE OF
### STEPHANIE M. CARVLIN, ESQ.
140 Broadway, Suite 4610
New York, New York  10005

STEPHANIE M. CARVLIN, ESQ.

TELEPHONE: 212-748-1636
FAX: 212-858-7750
E-MAIL: CARVLIN@HOTMAIL.COM

June 15, 2020

Honorable William H. Pauley
United State District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

Re:   United States v. Roger Thomas Clark
      15-cr-866 (WHP)

Dear Judge Pauley:

    I write to update the Court on my progress preparing for Roger Clark's sentencing since my letter of May 15, 2020. The Bureau of Prison's efforts to deal with the spread of the coronavirus and the aftermath of the death of George Floyd and MDC inmate Jamal Floyd have limited my ability to communicate with Mr. Clark and his ability to participate in preparing a sentencing submission. I therefore ask that the Court adjourn Mr. Clark's sentencing. I suggest that I be permitted to submit an additional status update letter on July 15, 2020, with the hope that a sentencing date can be set then.

    Since the onset of the coronavirus, BOP facilities have been operating under a "Modified Operation Plan." This has included limited "lock downs," which have undermined Mr. Clark's ability to conduct his own research. Mr. Clark tells me that under the initial iteration of the plan, inmates were allowed out of their cells, and therefore had access computers, for three one-hour periods per week. In May that was increased to three hours a day. However, following the May 25, 2020 death of George Floyd, the facility instituted a complete lockdown. Inmates were permitted out of their cells to shower only. They did not have access to computers. As of last week, inmates are again being given three-hour daily access to computers. However, the five computers on Mr. Clark's unit are also used by 120 inmates to correspond with family and friends via the BOP email system. Mr. Clark advises that it is difficult to use the computer to do research for any period of time right now given the great demand from other inmates to use them to catch up on correspondence with family and friends.

  I have sent Mr. Clark a significant volume of material that I believe is relevant to his sentencing to review. However, he also wants to conduct independent research. He has done so throughout this prosecution. In fact, he located several cases that I included as relevant authority in my suppression motion.

  My ability to interact with Mr. Clark is also curtailed. I can arrange attorney-client call of up to 30 minutes by providing three days' notice. However, it is very difficult to have the kind of back-and-forth that has been the hallmark of our attorney-client relationship in short segments over the telephone. There is an additional issue. Mr. Clark wants to be present in person for his sentencing hearing. It is unclear now when that will be possible. Finally, given that Mr. Clark's Guideline range in 20 years, delaying his sentence will not cause him prejudice.

  I have consulted with the Assistant United States Attorneys who are representing the government, and the government has no objection to this request.

Sincerely,

*/s/ Stephanie Carvlin*

Stephanie Carvlin

Application granted. Sentencing adjourned sine die. Defense counsel to provide a status report by July 15, 2020.

  SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

  June 16, 2020