# LAW OFFICE OF
## STEPHANIE M. CARVLIN, ESQ.
140 Broadway, Suite 4610
New York, New York   10005

STEPHANIE M. CARVLIN, ESQ.

TELEPHONE: 212-748-1636
FAX: 212-858-7750
E-MAIL: CARVLIN@HOTMAIL.COM

October 1, 2021

Honorable Alison J. Nathan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY   10007

Re:   United States v. Roger Thomas Clark
       15-cr-866 (AJN)

Dear Judge Nathan:

After conferring with the government, I write as directed by this Court's Order of September 9, 2021, and the Court's Emergency Individual Rules and Practices in Light of COVID-19, to advise the Court that Mr. Clark seeks to have his sentencing hearing conducted remotely by video teleconferencing. I believe that Mr. Clark's sentencing can be held remotely consistent with the requirements of the United States Constitution, Federal Rules of Criminal Procedure 5(f), 10(b) and (c) and 43.

Federal Rules of Criminal Procedure 5(f) and 10(b) and (c), permit certain components of a criminal prosecution to be conducted through video teleconferencing. Rule 5(f) explicitly authorizes this procedure with respect to a defendant's initial appearance in a criminal case: "VIDEO TELECONFERENCING. Video Teleconferencing may be used to conduct an appearance under this rule [Rule 5: Initial Appearance] if the defendant consents." Rule 10 permits a defendant to consent to be arraigned by video teleconference. While these Rules address initial appearances and arraignments respectively, they provide support for the proposition that a defendant may waive his right to be physically present for portions of his criminal prosecution without violating the United States Constitution.

Rule 43 of the Federal Rules of Criminal Procedure, drafted well before the COVID-19 pandemic explicitly requires that a defendant be "present" at

sentencing. It is silent with respect to whether a defendant's "presence" may be through video or teleconference.

Chief Judge Laura Taylor Swain's Sixth Amended Standing Order of September 15, 2021, explicitly authorizes remote sentence hearings. In the Order, Judge Swain makes the findings necessary under the Cares Act[1] to support the Court's ultimate conclusion that "video teleconferencing, or telephone conferencing if video conferencing is not reasonably available, may be used in [felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure] with the consent of the defendant … after consultation with counsel and upon a finding by the presiding judge that the proceeding cannot be further delayed without serious harm to the interests of justice."

An in-person sentencing poses risk to Mr. Clark. Mr. Clark ▮▮▮▮▮ in December of 2020 and ▮▮▮▮▮ Unfortunately, he suffered an extremely ▮▮▮▮▮ and appears to fall within the category of individuals ▮▮▮▮▮ For months, Mr. Clark continued ▮▮▮▮▮. He has only recently begun to improve. To be sentenced in person, Mr. Clark would have to be transported to the courthouse with other inmates in a very confined space. He would experience similar close and prolonged exposure to other inmates while waiting in the cells in the courthouse before and after his sentence hearing. (At the MDC, Mr. Clark is in a cell with one roommate.)

Nor can his sentencing be further delayed without serious harm to the interest of justice. Mr. Clark entered his plea of guilty on this 2015 indictment on January 30, 2020. He was initially scheduled to be sentenced more than a year ago on May 20, 2020. Mr. Clark's sentencing has been postponed at his request several times because of various factors related to the COVID-19 pandemic. Initially, the cancellation of attorney visits at the MDC prevented counsel from conferring with Mr. Clark adequately about his sentencing. ▮▮▮▮▮ in December of 2020 and thereafter has made it impossible for him to participate in his sentencing in the months since.

As long as he remains in the MDC, Mr. Clark will continued to suffer the increased burden of being incarcerated at a local facility, where lockdowns are more frequent and bring more limitations than at almost any facility where he would be designated. Additionally, the crowding in the MDC that exists now in

---

[1] See Coronavirus Aid, Relief, and Economic Security Act, P.L. 116-136, Section 15002(b)(2), authorizing remote sentencing upon the making of the specified findings.

light of the closure of the MCC increases the risk that he will be exposed to the coronavirus and again become ill. In spite of the fact that Mr. Clark is vaccinated and ███████████████████████ this is a risk that need not be imposed on him. He should be sentenced as soon as possible.

    Mr. Clark wants to be sentenced remotely. I have conferred with him on this issue. He understands that he has a right to be sentenced in person, and he wishes to waive that right. I will obtain his signed waiver and consent to proceed remotely prior to the sentence hearing.

    The government does not object to this request. I therefore ask that Mr. Clark's sentence hearing be conducted remotely through video teleconferencing.

Respectfully submitted,

_____/s/_____
Stephanie Carvlin

cc:    AUSA Michael Neff
       AUSA Vladislav Vainberg

3