

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 19, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    <u>United States v. Roger Thomas Clark</u>, S2 15 Cr. 866 (AJN)

Dear Judge Nathan:

    As the Court is aware, defendant Roger Thomas Clark is currently pending sentence, and the parties' primary sentencing letters have been filed. (Dkts. 63, 64, 74, 75). In October 2021, the defendant fell at the MDC, sustained serious injuries, underwent surgery, and was transferred to a hospital/rehabilitation facility, where he is currently recovering and participating in physical and occupational therapy. At this hospital/rehabilitation center, the defendant is accompanied by guards, who contract with the United States Marshals Service ("USMS") to provide security at hospitals for in-custody defendants who are receiving short- or long-term medical care.

    On November 17, 2021, in response to a letter motion filed by the defense, the Court directed the Government to confer with the USMS regarding two defense requests related to the defendant's preparation for sentencing. (Dkt. 111). Earlier this week, the defense alerted the Government to an additional request (of a similar nature), so the Government herein supplies updates as to each of these three requests. These updates are based on several helpful conversations with a USMS supervisor. As set forth below, the USMS has approved two of these three defense requests outright, and has made an important accommodation as to the third:

1. <u>Photographs</u>: In anticipation of filing a supplemental sentencing submission, the defense has requested to take photographs of the defendant's scars/injuries; the defense has agreed that contract security officers may be present in the room while such photographs are taken. (*See* Dkt. 110). The USMS has approved this request outright.

2. <u>Pens/Paper</u>: The defense has requested that the defendant have periodic access to a pen and paper—while guarded by a security officer in the defendant's room. The defense will supply the pens and paper. The defense has agreed that the security officers guarding the defendant will take custody of these pens, pads, and notes in between the times that the defendant is using them. The USMS has approved this request outright.

Hon. Alison J. Nathan  Page 2
United States District Judge  November 19, 2021

    3. <u>Confidential Communications</u>: In its recent letter motion, the defense notes that the USMS has set up regular legal phone calls and visits, but states that, "[d]uring each call or meeting, a contract employee retained by the Marshals Service has remained in the room" with the defendant. (Dkt. 110). Thus, the defense has requested to speak privately with the defendant. (*Id.*).

    The USMS has agreed to position a contract security officer outside of the defendant's room, with the door ajar, when the defendant is speaking with or meeting with a member of his defense team. At this time—and without any prejudice to its ability to return to the Court on this front—the defense has agreed to try this modified arrangement.[1]

A supervisor with the USMS confirmed that the USMS will promptly relay these various directives to the contract security officers at the hospital/rehabilitation center.

    Please let us know if any further information would be useful at this time.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: *Michael D. Neff*
Michael D. Neff
Assistant United States Attorney
(212) 637-2107

cc:    Stephanie Carvlin, Esq. (via ECF)
        United States Marshals Service (via email)

---

[1] By way of explanation, the USMS has advised the Government that a contract security officer must maintain visual contact with the defendant in order to ensure the safety of the defendant, his counsel, and others. The door to the defendant's room does not have a window (likely to ensure patient privacy), thereby requiring the door to remain sufficiently open to maintain visual contact. The USMS has committed that it will visit the hospital/rehabilitation center, in person, to examine further whether there might be suitable alternative spaces—such as a conference room with a glass door—that would permit both sustained visual contact by security officers, and communication (between defendant and counsel) inside of a room with a fully closed door.

    In the meantime, however, the Government has conferred with defense counsel, Stephanie Carvlin, Esq., and as noted, the parties are prepared to move forward with the modified arrangement set forth above.