

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 4, 2022

**VIA ECF**
Hon. Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States v. Roger Thomas Clark*, 15 Cr. 866 (AJN)

Dear Judge Nathan:

      I represent the Metropolitan Detention Center ("MDC") with respect to two court-ordered subpoenas served by counsel for defendant Roger Thomas Clark ("Defendant") in connection with the above-referenced criminal matter. The subpoenas seek (1) "[r]ecords that document all employees who worked on Unit 71 of the MDC on October 18 and 19, 2021," and (2) "[a]ny videotape that records any and all areas of Unit 71 of the MDC on October 18 and 19, 2021" *See* Dkt. No. 120 (Defendant's Letter Motion) Exs. A & B. The Court has ordered MDC to respond to the subpoenas by on or before March 7, 2022. *See* Dkt No. 121. As described below, I write respectfully to request that the Court enter a Privacy Act Order to facilitate the production of the documentary records requested.

      Specifically, with respect to the subpoena for records showing the MDC employees who worked on Unit 71 on October 18 and 19, 2021, the MDC has gathered responsive records and counsel for Defendant has agreed that those records will be treated as "Confidential Information" under the Protective Order entered in this matter. Dkt. No. 12. In addition, however, the responsive records contain information which may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"). Accordingly, MDC respectfully requests that this Court memo endorse this letter for the purpose of facilitating the disclosure of information that otherwise arguably would be prohibited from disclosure under the Privacy Act. To the extent that the Privacy Act allows for the disclosure of information pursuant to a court order, the Court's memo endorsement constitutes such a court order and authorizes the disclosure of that information. Counsel for Defendant does not object to the entry of a Privacy Act Order.

      With respect to any video recording depicting Unit 71 on October 18 and 19, 2021, I am informed that MDC has no such video. My understanding is that MDC keeps a rolling record of such video surveillance on a system with limited storage capabilities. As such, video is routinely taped over, which is what occurred in this instance. I am not aware of any Federal Bureau of Prisons or MDC policy which requires that video surveillance be maintained for any particular period of time, but regardless a recent search of MDC's electronic video surveillance system did

not reveal any video recordings responsive to Defendant's subpoena, and there are no back-up drives or systems onto which the video was stored.

    Thank you for your consideration of this matter.

                                        Respectfully,

                                        DAMIAN WILLIAMS
                                        United States Attorney

                      By:    /s/ Jeffrey Oestericher
                                        JEFFREY OESTERICHER
                                        Assistant United States Attorney
                                        Tel: (212) 637-2695
                                        jeffrey.oestericher@usdoj.gov

cc:  Stephanie Carvlin, Esq.
      Counsel for Defendant

      AUSA Michael Neff
      Counsel for the United States of America

      (by ECF)