# VLADECK, RASKIN & CLARK, P.C.

SUSAN J. WALSH<br>
212.403.7348<br>
swalsh@VLADECK.COM

April 4, 2022

Hon. Sidney H. Stein
United States District Court Judge
United States District Court for the SDNY
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Roger Clark*, 15 Cr 866 (SHS)

Dear Judge Stein:

    I write pursuant to the Order of the Hon. Judge Nathan who appointed me pursuant to the Criminal Justice Act for the purposes of advising Mr. Clark on the wisdom of his request to proceed *pro se* in his sentencing hearing and ancillary issues related thereto.

    Pursuant to Judge Nathan's Order, I spoke with Mr. Clark on the telephone last week and today, I visited with him in person in the hospital in Brooklyn where he is being treated for significant injuries related to a fall he suffered at the MDC and complications related thereto. Having spoken to Mr. Clark in person in court, on the phone and today at his bedside in person, I believe he understands 1) the risks associated with representing himself at sentencing pro se; 2) his right to counsel, and 3) that his request to waive that right is knowing, intelligent and voluntary and not for the purposes of delay. While I note that Mr. Clark is apparently still pain and recovering from his injuries and reports lingering symptoms related to his having contracted COVID while in FBOP custody, he was clear headed, articulate and alert every time I have spoken with him. He is medicated but nothing about his presentation on the phone or in person suggested he did not understand the charges, his potential sentence, the sentencing process and the pitfalls of proceeding *pro se*.

    In addition, while Mr. Clark has minimal formal education, it is my understanding that until his injury and hospitalization apparently he participated in his own defense including researching, writing, reviewing discovery and has advocated for himself in the hospital setting. Mr. Clark recognizes the pit-falls of proceeding *pro se* and expressed a desire to have standby counsel assist him in the representation. Specifically, Mr. Clark requested that his attorney Ms. Stephanie Clark remain as his stand-by counsel given her understanding of the case and their long term attorney client relationship. However, some of the issues Mr. Clark may wish to raise at sentencing could create a conflict of interest given that some appear to be more than a simple disagreement in strategy.

    In light of that potential, I have advised Mr. Clark and urge that that before standby counsel is appointed at the April 12, 2022 hearing, he allocute concerning the potential for any

conflict with his current counsel that may arise at sentencing should he wish to litigate factual or legal matters that impact Ms. Carvlin's past or future representation about which he has not yet made a decision.

Thank you for your time and attention.

Sincerely,

*/s/ Susan J. Walsh*


cc: Michael Neff, AUSA  (by email)
	Stephanie Carvlin, Esq. (by email)
		Roger Clark, (By First Class Mail)

715276 v1