UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ROGER THOMAS CLARK,

Defendant.

---

15-Cr-866 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

Defendant Roger Thomas Clark pled guilty pursuant to a plea agreement to conspiracy to distribute narcotics in January 2020. He was initially due to be sentenced by Judge William H. Pauley III in July of 2020. The Final Presentence Investigation Report was filed on July 8, 2020, (ECF No. 56), and the parties filed their sentencing submissions shortly thereafter. (Clark's Submission, ECF No. 63; Government's Submission, ECF No. 64.) Clark's sentencing date was subsequently adjourned on several occasions due to the COVID-19 pandemic. Further adjournments were necessary due to Clark's illness during the winter of 2020. In June of 2021, the matter was reassigned to Judge Alison J. Nathan.

In October of 2021, Clark suffered injuries to his hip and pelvic region after a fall while detained at the Metropolitan Detention Center ("MDC"), which required surgery and rehabilitation, and necessitated further adjournments of his sentencing. (Letter of Stephanie Carvlin, Esq., dated Oct. 26, 2021, ECF No. 104.) Judge Nathan granted defendant's request to submit a supplemental sentencing memorandum by March 23, 2022 to account for the changes in his medical situation since the original sentencing date. (Letter of Stephanie Carvlin dated Feb. 16, 2022, Endorsed by Judge Nathan, ECF No. 119.) On March 12, 2022, Clark's counsel informed the Court that Clark wished to proceed pro se, and Judge Nathan adjourned the sentencing submission deadlines and sentencing date to consider this issue. On April 12, 2022, this matter was reassigned to this Court.

On May 31, 2022, this Court convened the parties in order to hear Clark's request to proceed pro se. After informing Clark of the substantial risks to him in proceeding pro se, the Court initiated questioning of Clark to ensure that any waiver of his right to counsel was "clear[] and unequivocal[]," as well as "knowing[] and intelligent[]." *Williams v. Bartlett*, 44 F.3d 95, 100 (2d Cir. 1994); (Tr. 9–10, ECF No. 145.) Clark set forth his clear, unequivocal desire to proceed pro se, and his attorney, Stephanie Carvlin, represented that Clark was competent to represent himself. (Tr. 4–5, 10–20.) This Court found Clark's waiver knowing and intelligent, granted Clark's request to proceed pro se, and appointed standby counsel to assist defendant solely with procedural matters related to sentencing. (Tr. 20, 27.)

In July of 2022, Clark wrote to the Court with a host of complaints regarding his conditions of confinement and ability to prepare for sentencing. (ECF No. 147.) He claimed, among other

matters, that he had been denied access to a pen and paper and that he had been prevented from reviewing legal materials related to his case. He further claimed that when he was moved from his nursing home facility to a different facility, officers of the U.S. Marshals' Service removed privileged legal and medical documents from his room. He also claimed that he had been prevented from making telephone calls. The Court ordered the government to investigate the conditions of Clark's confinement and his alleged inability to access his legal files and adequately prepare for his sentencing. In that Order, the Court set sentencing for September 22, 2022. (ECF No. 148.) The Court also ordered the Probation Department to submit an updated PSR to account for defendant's accident and health and set a deadline for supplemental sentencing submissions, with the defendant's submission due on August 26, 2022 and the government's response due on September 9, 2022. (*Id.*; Order, ECF No. 149.)

On August 30, 2022, four days after Clark's submission was due, he wrote the Court requesting an adjournment of sentencing and a status conference based on further complaints by him related to his conditions of confinement and ability to prepare for sentencing. (ECF No. 156.) Clark had been transferred back to the MDC in late July, 2022, and alleged in his August 30 letter that the facility was poorly prepared to manage his medical and pharmaceutical requirements, and further that the hard drives containing the voluminous legal materials related to his case ("some 35,000+ pages") were missing. Clark claims that he is still recovering from his October, 2021, injury. The government also moved to adjourn the sentencing. (Letter of Assistant U.S. Attorney Michael D. Neff dated Sept. 14, 2022, ECF No. 155.) Finally, the Court has not yet received an updated PSR from the Probation Department, and the parties have yet to submit supplemental sentencing memoranda.

The government is directed to respond to Clark's statements in his August 30 letter regarding his lack of medical treatment and his current medical condition. Clark's sentencing is hereby adjourned to January 26, 2023 at 10:00 a.m. in Courtroom 23A. Any supplemental sentencing submission by Clark is due by December 30, 2022; the government's response is due by January 10, 2023. The Probation Department is directed to submit an updated PSR at the earliest possible date.

Dated:  New York, New York
         September 16, 2022

                                            SO ORDERED:

                                            _____
                                            Sidney H. Stein, U.S.D.J.